**KOYO SEIKO COMPANY, LTD. and Koyo Corporation of the U.S.A., Plaintiffs,**

**and**

**Nippon Seiko K.K. and NSK Corporation, Plaintiffs–Intervenors,**

**v.**

**The UNITED STATES, Defendant,**

**and**

**The Timken Company, Defendant–Intervenor.**

**Court No. 89–05–00236.**

United States Court of International Trade.

June 1, 1989.

Powell, Goldstein, Frazer & Murphy (Richard M. Belanger, Peter O. Suchman, Eric G. Stockel), Washington, D.C., for plaintiffs.

Donohue and Donohue (Joseph F. Donohue, Joseph F. Donohue, Jr., James A. Geraghty), New York City, for plaintiffs-intervenors.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D.C., David M. Cohen, Director, Commercial Litigation Branch

(Velta A. Melnbrencis) Civil Div., U.S. Dept. of Justice, New York City, (Joan L. MacKenzie), Dept. of Commerce, Intern. Trade Admin., for defendant.

Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart and James R. Cannon, Jr.), Washington, D.C., for defendant-intervenor.

## MEMORANDUM OPINION AND ORDER

RESTANI, Judge:

Plaintiffs have moved pursuant to Rules 1 and 7 of the Rules of this Court for an order (1) enjoining defendant, Department of Commerce, International Trade Administration (ITA) from requiring plaintiffs to submit by May 22, 1989, the pre-hearing brief on the preliminary results in the administrative review of an antidumping duty finding as to plaintiffs' entries of tapered roller bearing and components thereof from Japan for the period April 1, 1974 to March 31, 1979; (2) enjoining defendant from conducting the hearing thereto on June 7, 1989; and (3) ordering defendant to grant plaintiffs' request for a 60–day postponement in the briefing and hearing schedule. Plaintiffs claim that this court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1581(i) (1982). Defendant asserts that jurisdiction under § 1581(i) is inappropriate because plaintiff has an adequate remedy under 19 U.S.C. § 1516a (Supp. V, 1987), and 28 U.S.C. § 1581(c) (1982). For reasons discussed herein, the court finds it inappropriate to assume jurisdiction under § 1581(i), and hereby dismisses this case.

## BACKGROUND

This case arises out of an antidumping investigation first initiated by the U.S. Customs Service, Department of Treasury in 1973 regarding tapered roller bearings (TRBs) from Japan. In 1976, Customs issued a final less than fair value (LTFV) determination concerning these TRBs. Thereafter, defendant was required by statute, 19 U.S.C. § 1675(a) (1982), to conduct periodic reviews of outstanding antidumping findings. For reasons not entirely clear to the court no reviews were completed prior to the issuance of the preliminary result now at issue. In 1984, 19 U.S.C. § 1675(a) was amended to provide for review by request only. 19 U.S.C. § 1675(a) (Supp. V 1987). In accordance with this provision, ITA halted uncompleted reviews and initiated new reviews only upon requests from interested parties. Timken, a party to the original LTFV determination, requested a review of the order concerning plaintiffs' TRBs for the period 1974 to 1985, and pursuant to this request, ITA initiated such a review on July 9, 1986.

On March 29, 1989, thirteen years after the initial LTFV finding, ITA issued preliminary results of the administrative review for plaintiffs' entries of TRBs for the period April 1, 1974 to March 31, 1979. These preliminary results showed dumping margins for plaintiffs' TRBs ranging from 16.-44 percent to 22.86 percent *ad valorem.* These margins resulted from extensive use of "best information available." 19 U.S.C. § 1677e (1982 and Supp. V 1987). ITA states that it used "best information available" where it found plaintiffs' submissions to be either incomplete or inconsistent. *Tapered Roller Bearings Four Inches or Less in Outside Diameter and Certain Components Thereof from Japan, Preliminary Results of Antidumping Duty; Administrative Review,* 54 Fed.Reg. 12,938, 12,939 (Mar. 29, 1989).

Approximately two weeks after ITA's preliminary determination, the parties participated in a disclosure conference. At that time plaintiffs orally requested a sixty day extension of time for submission of their comments because plaintiffs found that they could not adequately analyze and address the voluminous record in the time allowed by ITA.[1] On April 17, 1989, this request was repeated in writing. ITA agreed to postpone the briefing and hearing schedule established in the preliminary results for a period of 30 days. Subse-

---

1. Of particular concern were computer programs reflecting ITA's use of the data provided to it. A description of ITA's methodology and of the selection of data to be used was provided.

quently, on April 24, 1989, plaintiffs' newly retained counsel met with ITA officials and requested an additional two month extension. ITA denied this second request for additional time stating that administratively, ITA "is committed to clearing the backlog of reviews and completing new reviews in as timely a manner as possible." Defendant's Brief at 8.

As a result of ITA's decision to deny plaintiffs additional time periods for comment, plaintiffs initiated suit before this court asking for an injunction prohibiting ITA from proceeding according to its schedule.

## DISCUSSION

As indicated, plaintiffs allege that jurisdiction over this action is provided by 28 U.S.C. § 1581(i). Defendant disagrees with this assertion, claiming that plaintiffs may seek judicial review of this matter only pursuant to 28 U.S.C. § 1581(c).

28 U.S.C. § 1581(i) as enacted, gave broad residual jurisdiction to this court. Section 1581(i), however, was not intended to create new causes of action, H.Rep. No. 1235, 96th Cong., 2d Sess. 47, *reprinted in* 1980 U.S.Code Cong. & Admin.News 3729, 3759; *Haarman & Reimer Corp. v. United States*, 1 CIT 148, 151, 509 F.Supp. 1276, 1279 (1981), nor was it meant to supercede more specific jurisdictional provisions. Defendant claims that plaintiffs have a remedy under 19 U.S.C. § 1516a, and that therefore, 28 U.S.C. § 1581(c) is the applicable jurisdictional provision. The question before this court is whether 19 U.S.C. § 1516a provides a sufficient remedy for plaintiffs, thus making § 1581(i) jurisdiction inappropriate. Defendant argues that pursuant to 19 U.S.C. 1516a, plaintiffs must wait until ITA issues its final determination in this case, at which time they may seek judicial review of the matters currently before the court, if they so choose. As further support of this argument defendant cites the legislative history of 19 U.S.C. § 1516a which states that this section:

Eliminates all interlocutory judicial reviews by the U.S. Court of International Trade during the course of CVD [countervailing duty] and AD [antidumping duty] investigations. All challenges to agency determinations would be combined and reviewable by the court after final agency action has been taken.

H.R.Rep. No. 1156, 98th Cong., 2d Sess. 178 (1984), *reprinted in* 1984 U.S.Code Cong. & Admin.News 4910, 5295.

Plaintiffs on the other hand, argue that relief under 19 U.S.C. § 1516a and 28 U.S. C. § 1581(c) is inadequate, and that therefore jurisdiction under § 1581(i) is appropriate. Although plaintiffs do not explicitly so state, they are in essence bringing an action in the nature of mandamus under § 1581(i).

1. *Relief afforded under 19 U.S.C.*
   *§ 1516a and 28 U.S.C. § 1581(c)*

■ 19 U.S.C. § 1516a by its terms authorizes judicial review of final affirmative and negative antidumping or countervailing duty determinations. Although plaintiffs admit that they may pursue a remedy under § 1516a after a final determination has been issued, they assert that such remedy will be inadequate because even if the court remands the case for reconsideration by the agency, the ITA by that time will be so firmly entrenched in its position that it will not consider plaintiffs' comments fairly. The court disagrees.

It is not disputed that the court under its § 1581(c) jurisdiction, upon review of the final determination, can remand this matter for further consideration by ITA if it finds that plaintiffs were denied adequate opportunity to fully participate in the annual review proceeding. In addition, if after remand the court determines that the agency determination was tainted by an improper predisposition, the court can again remand for reconsideration. The "reconsideration direction compels the statutorily designated decisionmaker to reconsider the matter in the light of its statutory mandate. 'According to this 'principle' the agency's original initiative is reactivated free of the accretions of any private interests, expectations or equities.'" *USX Corp. v. United States*, 11 CIT ——, 664

F.Supp. 519, 523 (*quoting* L. Jaffe, *Judicial Control of Administrative Action* 714 (1965). Thus, the agency must consider the issue anew and may not let its prior conclusion govern the new outcome. This remedy is adequate even though "[t]he system of judicial review which Congress has adopted cannot account for unconscious or unexpressed human tendencies to adhere to prior findings in a particular case." *Id.* 664 F.Supp. at 524. Under the statutory scheme the agency is compelled to make a good faith effort to reexamine the issue before it without a conscious commitment to a prior determination of the same factual question. *Id.*

"[W]hile Congress contemplated that there would be some civil actions relating to an antidumping duty proceeding which could be heard pursuant to 28 U.S.C. § 1581(i), it intended that this section should not be used to permit the appeal of a procedural determination, but rather, that all procedural considerations should be decided by this court when the final agency determination is made." *PPG Indus. Inc. v. United States,* 2 CIT 110, 112–113, 525 F.Supp. 883, 885 (1981). Although there may be some cases "extraordinary in nature" where such jurisdiction would be appropriate, the court does not find this to be such a case.[2]

### 2. Jurisdiction under 28 U.S.C. § 1581(f)

■ As jurisdiction goes to the court's power to hear a case, the court may inquire *sua sponte* into its own jurisdictional capabilities. Although the court raised this issue during oral argument, plaintiffs did not explain fully whether they might have a cause of action under 28 U.S.C. § 1581(f). Of concern is whether "confidential information," as that term is used in the statute, is contained in the information to be analyzed and whether the action was timely brought under 28 U.S.C. § 2636(f) (Supp. V

1987). Nonetheless, the court has considered whether § 1581(f), which allows the court to review decisions to deny access to confidential information on an interlocutory basis, might be an appropriate jurisdictional basis in this case.

In reviewing the facts of this case as plead in the briefs and articulated at oral argument, the court has determined that § 1581(f) has not been shown to be applicable to this case. Although there may be some situations where § 1581(f) could provide an appropriate means of relief subsequent to "disclosure," plaintiffs have not pled, nor demonstrated to the court, that § 1581(f) is applicable to this case. In a case such as this, where ITA has already released the information of current concern to plaintiffs, jurisdiction under § 1581(f) might be predicated upon a showing that the timing of the release was such that it was tantamount to no release at all. Plaintiffs have not demonstrated this in the present case. In particular, plaintiffs did not demonstrate that the information which they seek to analyze over the next sixty days was not made available in a relatively prompt manner or that the time afforded for review was insignificant.[3] Given these factors, as well as the previously noted deficiencies in plaintiff's demonstration of underlying jurisdictional facts, the court finds that § 1581(f) is not an appropriate jurisdictional basis.

As the court has determined that plaintiffs will have an adequate remedy under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c), the court finds that jurisdiction of this case under 28 U.S.C. § 1581(i) is not appropriate at this time.

In view of this determination, this case is hereby dismissed.

---

**2.** *See, e.g., Nakajima All Co. v. United States,* 12 CIT ——, 691 F.Supp. 358 (1988); *Matsushita Elec. Indus. Co., Ltd. v. United States,* 12 CIT ——, 688 F.Supp. 617 (1988), *aff'd Matsushita Electric Industrial Co. v. United States,* 861 F.2d 257 (Fed.Cir.1988) (Both directing ITA to complete final results of administrative reviews.)

**3.** This does not preclude the court from finding upon later review that the time afforded was inadequate for meaningful participation.