ASOCIACION COLOMBIANA de EXPORTADORES de FLORES (ASOCOFLORES), et al., Plaintiffs,

v.

The UNITED STATES, Defendant,

and

Floral Trade Council of Davis, California, Defendant–Intervenor.

Court No. 89–05–00292.

United States Court of International Trade.

July 19, 1989.

Arnold & Porter, Patrick F.J. Macrory, Spencer Griffith and Gwyn F. Murray, Washington, D.C., for plaintiffs.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Jeanne E. Davidson, Civ. Div., U.S. Dept. of Justice and Anne White, Attorney–Advisor, Office of the Deputy Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, D.C., for defendant.

Stewart & Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr. and Charles A. St. Charles, Washington, D.C., for defendant-intervenor.

## OPINION

RESTANI, Judge:

Plaintiffs, Asociacion Colombiana de Exportadores de Flores, et al., bring this action challenging a recent decision of the United States Department of Commerce, International Trade Administration (ITA) to initiate an administrative review of certain producers and exporters of fresh cut flowers from Colombia. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 54 Fed Reg. 18,320 (Apr. 28, 1989). ITA initiated this review pursuant to 19 U.S.C. § 1675 (1982 & Supp. V 1987) after it received a letter, dated March 29, 1989, from Floral Trade Council (FTC) requesting initiation of a review covering imports entered during the period March 1, 1988 through February 28, 1989. Plaintiffs contend that in making its request for review FTC failed to comply with 19 C.F.R. § 353.53a(a) (1988) which requires an interested party who requests a review of "specified individual manufacturers, producers, or exporters" to state "why the person desires the Secretary to review those particular producers or exporters." Plaintiffs allege that ITA's decision to initiate the review of 203 producers and exporters named in FTC's March 29 request did not satisfy the regulation and request that the court issue a preliminary and then permanent injunction enjoining ITA from con-

ducting the review.[1]

Plaintiffs assert jurisdiction under 28 U.S.C. § 1581(i)(4) (1982), which *inter alia* grants this court residual jurisdiction over any civil action commenced against the United States or its agencies relating to the administration and enforcement of the anti-dumping law with respect to matters referred to in 28 U.S.C. § 1581(c) (1982). Plaintiffs also invoke 28 U.S.C. § 1585 (1982) which grants this court "all the powers in law and equity of, or as conferred by statute upon, a district court of the United States."

Defendant and intervenor, FTC, oppose plaintiffs' motion for preliminary injunction and separately move to dismiss plaintiffs' complaint on the grounds that it lacks any jurisdictional basis and that it fails to state a claim for which relief may be granted. As a basis for jurisdiction must be established before the court may address plaintiffs' request for injunctive relief, the jurisdictional dispute will be discussed by the court first.

*Jurisdiction under 28 U.S.C. § 1581(i)*

Defendant and FTC challenge plaintiffs' assertion that the court possesses jurisdiction to entertain their complaint under 28 U.S.C. § 1581(i), which contains the court's residual jurisdictional grant, and argue that plaintiffs, instead, have an adequate remedy under 28 U.S.C. § 1581(c).[2] According to defendant, "[u]nder the statutory scheme, plaintiffs' challenge to Commerce's authority to conduct administrative reviews can only be entertained *after* the reviews have been completed and the *final* results have been published." Defendant's Brief at 8. Defendant and FTC argue that because plaintiffs have not demonstrated

that relief under 28 U.S.C. § 1581(c) at the appropriate time will be unavailable or manifestly inadequate, section 1581(i) is an inappropriate jurisdictional basis.[3]

In support of their arguments, defendant and FTC cite various decisions of this court and the Court of Appeals for the Federal Circuit, as well as portions of the legislative history of the Customs Court Act of 1980, Pub.L. No. 96–417, 94 Stat. 1727 (1980), which enacted 28 U.S.C. § 1581(i). They argue that this authority unequivocally indicates that section 1581(i) was not intended to allow the court to assume jurisdiction to conduct interlocutory judicial review of interim agency decisions that will be incorporated into or superceded by a final determination and, moreover, that section 1581(i) should not be utilized to circumvent the exclusive methods of judicial review of antidumping and countervailing duty determinations set forth in 19 U.S.C. § 1516a.

The court agrees with defendant and FTC that the broad residual jurisdiction of the court under section 1581(i) may only be invoked when jurisdiction under another subsection of section 1581 is unavailable, or when the remedies provided under other subsections would be manifestly inadequate. *Miller & Co. v. United States,* 824 F.2d 961, 963 (Fed.Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 773, 98 L.Ed.2d 859 (1988); *American Air Parcel Forwarding v. United States,* 718 F.2d 1546, 1549–51 (Fed.Cir.1983) *cert. denied,* 466 U.S. 937, 104 S.Ct. 1909, 80 L.Ed.2d 458 (1984). As this court recently noted, section 1581(i) "was not intended to create new causes of action, H.Rep. No. 1235, 96th Cong., 2d Sess. 47, *reprinted in* 1980 U.S.Code Cong. & Admin.News 3729, 3759;

---

1. Plaintiffs' challenge does not apply to those producers or exporters which themselves filed a request for an administrative review of their own entries.

2. 28 U.S.C. § 1581(c) provides that "[t]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930." Section 516A, in part, lists the various determinations of the administering authority (ITA) and the International Trade Commission which may be con-

tested before the Court of International Trade and sets forth the standards for judicial review in countervailing duty and antidumping proceedings. *See* 19 U.S.C. § 1516a (1982 & Supp. V 1987).

3. Plaintiffs have not had an opportunity to respond to defendant's and FTC's motions to dismiss. As the court has concluded that these motions are ill-founded, no response is necessary.

*Haarman & Reimer Corp. v. United States,* 1 CIT 148, 151, 509 F.Supp. 1276, 1279 (1981), nor was it meant to supercede more specific jurisdictional provisions." *Koyo Seiko Co. v. United States,* 13 CIT ——, 715 F.Supp. 1097, 1099 (1989). The question remains, however, as to whether 28 U.S.C. § 1581(c) provides an adequate avenue for relief, or the only Congressionally intended avenue, for plaintiffs in this case, thus making section 1581(i) jurisdiction inappropriate. The court finds it does not.

▮▮▮▮ Plaintiffs' reasons for bringing this action are fairly clear. In short, they wish to stop ITA from proceeding with what they believe to be an unlawful administrative review. It is their hope that the court will agree with their arguments on the merits and find that ITA acted in a manner contrary to its own regulations when it initiated the subject administrative review of 203 producers and exporters and that they will be spared the considerable time, effort and money normally required of participants in such reviews. It is equally clear to the court that this desired objective cannot be obtained through a judicial challenge instituted after the administrative review has been completed. By that time, this aspect of plaintiffs' action would be moot. What plaintiffs seek here is not review of an interlocutory determination in the sense discussed by Congress when it eliminated review of preliminary determinations. *See* H.R.Rep. No. 1235, 96th Cong., 2d Sess. 48 (1980), *reprinted in* 1980 U.S.Code Cong. & Admin.News 3729, 3759–60. ITA's decision to initiate the administrative review is not a preliminary decision which will be superceded by a final determination, nor is it a decision related to methodology or procedure which may be reviewed by the court following the agency's final determination. *See Koyo Seiko Co. v. United States,* 13 CIT ——, 715 F.Supp. 1097 (1989). Here, the dispute does not concern just what rates ultimately will apply to the goods of companies to be reviewed (presumably the court could nullify any new rates established if the review was improper), but whether numerous small agricultural companies must participate in the review at all.[4] Given the difficulties of participation under the facts of this case, this is not an insubstantial concern. Furthermore, plaintiffs cannot simply choose not to participate at this time because as a practical matter the risk of non-participation is simply too great.[5] The court therefore finds the remedial approach suggested by defendant and FTC to be an inadequate avenue for effective judicial relief.[6]

Defendant acknowledges that "[t]he relief sought here (review of Commerce's decision to initiate administrative reviews and an injunction barring the continuation of

___

**4.** Defendant cites a portion of the legislative history, cited above, which states that "a decision to exclude a particular exporter from an antidumping investigation would be reviewable, if at all, only in connection with the review of the final determination by the administering authority or the ITC." H.R.Rep. No. 1235 at 48, U.S.Code Cong. & Admin.News 1980, p. 3760. Such a decision is distinguishable from the situation presented here, however, because in such a case the court could later grant relief if it determined that ITA erred. Here, the issue is whether there will be a massive review of an entire industry. This is the extraordinary situation in which jurisdiction under section 1581(i) is appropriate.

**5.** Whether participation may ever constitute irreparable harm is another question. Although the court has addressed issues akin to irreparable harm in determining whether or not to assume jurisdiction under section 1581(i), *see Pistachio Group of the Ass'n. of Food Indus. v.*

*United States,* 10 CIT 440, 443, 638 F.Supp. 1340, 1342 (1986) (citing *United States Cane Sugar Refiners' Ass'n. v. Block,* 683 F.2d 399 (C.C.P.A. 1982)), it appears to the court that a full blown analysis of whether irreparable harm will result if the court does not act now is best reserved to analysis of whether injunctive relief may be granted. In a case such as this, where much of the action will become moot before section 1581(c) jurisdiction attaches, section 1581(c) would appear to be sufficiently inadequate so that section 1581(i) jurisdiction will attach.

**6.** The court also rejects defendant's alternative argument that plaintiffs' complaint should be dismissed for failure to state a claim for which relief may be granted. This argument, like defendant's jurisdictional argument, is grounded in its belief that plaintiffs' challenge is premature and may only be entertained after the administrative review is completed. For the reasons expressed *supra,* such an approach has been demonstrated to be inappropriate.

those reviews) does not properly fall within the ambit of 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c)" but, citing *National Corn Growers Assoc. v. Baker*, 840 F.2d 1547 (Fed.Cir.1988), argues that "simply because a desired remedy is unavailable under the statutory scheme does not mean that the remedies provided are inadequate or futile." Defendant's Brief at 11–12.

Defendant's reliance on *National Corn Growers* is misplaced. In that case, the Federal Circuit held that the proper jurisdictional predicate for an American manufacturer's protest of an administrative determination regarding imported merchandise is 28 U.S.C. § 1581(b) (1982) and not section 1581(i). In so holding, the court emphasized the fact that, "Congress established a clear administrative process through which domestic industry could object to the importation of merchandise at specific tariff levels, 19 U.S.C. § 1516, and through which the Court of International Trade could review protests by the domestic industry that were not sustained by the Secretary, 28 U.S.C. § 1581(b)." *National Corn Growers*, 840 F.2d at 1551. This case, however, does not involve a protest of a domestic industry under 19 U.S.C. § 1516 and 28 U.S.C. § 1581(b). Although Congress may have "[w]ith utmost clarity ... evinced its intent that section 1516 provide the exclusive remedy for American industry protests," *id.* at 1554, of customs classification and appraisement decisions, the court has not been made aware of any similar congressional intent with respect to complaints by foreign producers or exporters of the type asserted here. Nor has the court been made aware of any clearly expressed congressional desire to disallow the type of challenge of administrative action sought in this case. While Congress can make certain administrative decisions unre-

viewable or postpone their reviewability, the court does not find it has done so for this specific type of decision. Furthermore, as indicated, review may not simply be postponed in this case because the annual review proceeding will have been completed by the time any final review is available.

28 U.S.C. § 1581(i)(4) jurisdiction does exist. If jurisdiction is limited to the specific circumstances described in sections 1581(a–h), section 1581(i)(4) would be meaningless. It is an elementary principle of statutory construction that a portion of a statute should not be rendered a nullity. To significantly expand the reasoning of *National Corn Growers* beyond the situation addressed in that case, as defendant would wish, is to effectively write section 1581(i) out of the statute. The court declines to do this. In the absence of specific legislative guidance to the contrary, the court relies on the general presumption in favor of reviewability. *See Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).[7] Accordingly, the court finds that jurisdiction lies under 28 U.S.C. § 1581(i).

*Plaintiffs' motion for injunctive relief*

■ Having determined that it possesses jurisdiction under section 1581(i), the court will address plaintiffs' motion for injunctive relief. In order to prevail on their motion, plaintiffs must show: (1) that they have a likelihood of success on the merits; (2) that they will be immediately and irreparably injured; (3) that the balance of hardship is in their favor; and (4) that the public interest would be better served by granting the relief requested. *Zenith Radio Corp. v. United States*, 710 F.2d 806,

---

7. The court also rejects defendant's argument that in assuming jurisdiction under section 1581(i) the court would be creating a new cause of action. The Court of Appeals has expressly approved section 1581(i) jurisdiction in cases where relief under the other jurisdictional provisions would be unavailable or would be manifestly inadequate. *See, e.g., United States Cane Sugar Refiners' Assoc. v. Block*, 683 F.2d 399, 402 n. 5 (CCPA 1982). *See also Nissan Motor Corp. v. United States*, 10 CIT 820, 651 F.Supp.

1450 (Fed.Cir.1986) (in which this court permitted plaintiffs' action, commenced under 28 U.S.C. § 1581(i), challenging ITA's decision to initiate an administrative review). Furthermore, the court has been given no reason to believe that this type of challenge of administrative action could not have been entertained in a United States District Court in the absence of the enactment of the Customs Court Act of 1980 which empowered this court with exclusive jurisdiction over such matters.

809 (Fed.Cir.1983). Failure to satisfy any of these four requirements will result in a denial of the motion. *See Matsushita Elec. Indus. Co. v. United States*, 823 F.2d 505, 509 (Fed.Cir.1987). In this case, plaintiffs have failed to satisfy the first requirement.

 As indicated *supra,* plaintiffs claim that FTC's March 29th request for an administrative review failed to comply with 19 C.F.R. § 353.53(a) which requires interested parties making review requests to state "why the person desires the Secretary to review those particular producers or exporters." Plaintiffs allege that this regulation plainly "does not permit the type of blanket request which has been accepted here." Plaintiffs' Brief at 6. The court disagrees.

In its March 29th request for review, FTC provided ITA with a list of 204 Colombian exporters and growers which it wanted included in the review. FTC stated that this broad request was necessary because it was unable to specifically identify those responsible for imports sold by 31 importers and brokers which FTC believed were selling at less than fair value. ITA had decided, with regard to a previous review period, that it would not accept review requests which simply named importers and brokers without identifying their suppliers. This decision was affirmed by the court in *Floral Trade Council of Davis, Calif. v. United States*, 12 CIT ——, 692 F.Supp. 1387, 1389 (1988).[8] As additional grounds for its request, FTC noted that the original antidumping investigation revealed dumping margins ranging from .057 to 83.14 percent and that despite the existence of the antidumping order, it believed widespread dumping of fresh cut flowers to

have continued in the United States market. After examining FTC's requests for review and the reasons provided by FTC in support of its requests, ITA decided to initiate reviews of 203 of the 204 named exporters and growers, the sole exception being one company which was excluded on the basis of its *de minimis* margin in the antidumping investigation.[9]

When Congress amended section 751 of the Tariff Act of 1930 in 1984 making administrative reviews optional, it did so with the express desire to "limit the number of reviews in cases in which there is little or no interest, thus limiting the burden on petitioners and respondents, as well as the administering authority." H.R.Rep. No. 1156, 98th Cong., 2d Sess. 181 (1984), U.S.Code Cong. & Admin.News 1984, p. 5298. Nowhere in the legislative history did Congress indicate that this amendment was intended to diminish the ability of domestic industries to obtain relief from unfair trade practices under our trade laws through the administrative review process, as would occur if the court were to accept plaintiffs' restrictive interpretation of 19 C.F.R. § 353.53(a).[10]

It is also clear that ITA did not intend the strict interpretation of the request requirement now proffered by plaintiffs when it enacted its regulation implementing the 1984 statutory amendment to section 751. At that time, ITA stated:

Requests under paragraph (a)(1) must be accompanied by a statement of the reasons why the requester desires review of particular producers or exporters. *This requirement is not intended to be a difficult hurdle to overcome.* Because the Department has limited resources, requests and the statements

---

**8.** In that case, the court, after ruling that ITA is not required to investigate importers and brokers, remanded the case to ITA, directing the agency to determine whether or not it would accept FTC's alternative request to investigate the suppliers or potential suppliers of the named importers, that is, all relevant producers and exporters. In *Floral Trade Council of Davis, Calif. v. United States,* 13 CIT ——, 707 F.Supp. 1343 (1989), *appeal docketed,* No. 89–1425 (Fed. Cir. Apr. 26, 1989) the court held that ITA acted properly in denying this alternative request because it was not timely made.

**9.** ITA also accepted respondents' requests to initiate reviews of 39 exporters, 22 of which were included in FTC's request.

**10.** The statute, as amended, does not contain a requirement that requests for administrative reviews be accompanied by a statement of reasons for the request. *See* 19 U.S.C. § 1675(b)(1) (Supp. V 1987).

should help the Department focus on the potential respondents which the requester believes to be most important to the requester.

*Antidumping and Countervailing Duties; Administrative Reviews on Request; Transition Provisions,* 50 Fed.Reg. 32,556, 32,557 (Aug. 13, 1985) (emphasis added). Thus, although the regulation's requirement that a statement of reasons accompany requests was intended to help the agency more effectively allocate its limited investigative resources, ITA clearly did not intend, as FTC observes, to create "a requirement that good cause be established or that compelling reasons be stated." FTC's Brief at 8. Furthermore, the court has been given no reason to believe that FTC would not have provided ITA with more specific information if it had been able to more specifically identify the suppliers of concern to it. Under these circumstances, the court finds that ITA acted reasonably when it determined that sufficient "reasons" had been stated and decided to go forward with the administrative review on the basis of FTC's requests.

Accordingly, as it is unnecessary to address the remaining three requirements for injunctive relief, plaintiffs' motion is denied. Because this decision also disposes of the merits of this action, final judgment dismissing this action will be entered within five days hereof, unless the court is advised that the matter should remain open.