MACMILLAN BLOEDEL LTD., PLAINTIFF *v*. UNITED STATES, DEFENDANT

Court No. 92–04–00240

(Decided May 8, 1992)

*Dorsey & Whitney* (*John B. Rehm* and *Munford Page Hall, II*), for plaintiff.
*Stuart M. Gerson*, Assistant Attorney General, *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Jane E. Meehan*), Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, (*Joan L. MacKenzie*), of counsel, for defendant.

## OPINION

RESTANI, *Judge:* Plaintiff, Macmillan Bloedel Limited ("Macmillan Bloedel"), seeks a writ of mandamus directing the Department of Commerce to conduct an investigation to determine whether Macmillan Bloedel should be excluded from a countervailing duty order. Defendant moves for dismissal for lack of subject matter jurisdiction.

Commerce is conducting an investigation to determine whether countervailing duties should be imposed on certain softwood lumber products from Canada. The Canadian government requested exclusion of 335 companies, including Macmillan Bloedel from any countervailing duty order that might be issued. Commerce investigated and made exclusion decisions with respect to twenty-four companies that produced lumber entirely or almost entirely from logs originating in the United States. Commerce declined to investigate the remaining exclusion requests on the grounds that numerous separate investigations were not practicable. Macmillan Bloedel, which was not investigated, argued that an investigation would reveal a de minimis net subsidy, that it was the largest private-sector owner of timber and timberland in British Columbia, and that various factors distinguished it from other companies seeking exclusion. Macmillan Bloedel also offered to finance the investigation. Commerce declined the offer for statutory and policy reasons.

The court takes no position on whether Commerce should have granted plaintiff's request for an investigation, whether failure to do so warrants issuance of a writ of mandamus, or whether an abuse of discretion or other violation of law occurred. Rather, the court finds that it lacks jurisdiction to adjudicate these issues at this stage of the proceedings.

As a preliminary matter, the court notes that it has jurisdiction under 28 U.S.C. § 1581(i) to review certain actions taken by Commerce during the pendency of an investigation. *See* 28 U.S.C. § 1581(i) (1988). For example, the court has ordered Commerce to complete administrative reviews that were inordinately delayed (*Nakajima All Co. v. United States*, 12 CIT 585, 592, 691 F. Supp. 358, 364 (1988); it has entertained an action in which exporters alleged that pending administrative reviews of an antidumping order were invalid (*Carnation Enterprises v.*

*U.S. Dep't of Commerce*, 13 CIT 604, 612, 719 F. Supp. 1084, 1091 (1989); and it has exercised jurisdiction over a challenge to prevent an administrative review that was initiated after Commerce's tentative decision to revoke an antidumping order. *Nissan Motor Corp. v. United States*, 10 CIT 820, 822, 651 F. Supp. 1450, 1453 (1986). The court has also exercised jurisdiction to preclude Commerce from conducting what was alleged to be an unlawful administrative review of numerous small flower producers and exporters. *Asociacion Colombiana de Exportadores de Flores (Asocoflores) v. United States*, 13 CIT 584, 586–88, 717 F. Supp. 847, 850–51 (1989) (jurisdiction found based on § 1581(i) but relief denied on merits), *aff'd*, 903 F.2d 1555 (Fed. Cir. 1990). In each of these cases, the plaintiffs would have been denied relief if required to wait for the final determinations before seeking judicial review. In *Nakajima*, the timeliness issue would have been moot; in *Carnation*, exporters who were not assigned dumping margins would have to participate in yet another review; in *Nissan* and *Asocoflores* the reviews sought to be prevented would have already occurred. In other words, 28 U.S.C. § 1581(c), which grants the court jurisdiction to review final antidumping or countervailing duty determinations, did not provide an adequate remedy in such instances. *See* 28 U.S.C. § 1581(c) (1988); *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987) (§ 1581(i) jurisdiction may be invoked only when jurisdiction under another subsection of § 1581 is unavailable or the remedy manifestly inadequate), *cert. denied*, 484 U.S. 1041 (1988); *Asocoflores*, 13 CIT at 586, 717 F. Supp. at 849 (same). Furthermore, in these cases there was no holding that Congress intended to preclude review totally. *Cf. National Corn Growers Assoc.·v. Baker*, 840 F.2d 1547, 1554 (Fed. Cir. 1988) (Congress established administrative process for protests regarding value and classification but relief prospective only; retroactive relief unavailable under trade law).

Nonetheless, this court's jurisdiction under 28 U.S.C. § 1581(i) over interim decisionmaking by Commerce is not broad. *See Smith Corona Corp. v. United States*, 13 CIT 599, 718 F. Supp. 63 (1989) (no § 1581(i) jurisdiction to review agency decision refusing to suspend liquidation of entries); *Koyo Seiko Co. v. United States*, 13 CIT 461, 715 F. Supp. 1097 (1989) (no § 1581(i) jurisdiction to review agency decision denying additional period for comment); *PPG Industries, Inc. v. United States*, 2 CIT 110, 112–13, 525 F. Supp. 883, 885 (1981) (no § 1581(i) jurisdiction to review agency's refusal to hold disclosure conference). If Macmillan Bloedel will have a meaningful opportunity after the final determination to challenge Commerce's decision denying its exclusion request, then the court must stay its hand at this stage of the proceedings.

Macmillan Bloedel argues that there will be no later opportunity for review because 28 U.S.C. § 1581(c) does not permit review of Commerce's determination not to exclude it. The argument is that 19 U.S.C. § 1516a, which defines reviewable matters for purposes of § 1581(c), permits appeal only of a decision to exclude, not a decision denying ex-

clusion. *See* 19 U.S.C. § 1516a(a)(2)(B)(ii) (1988). The provision which plaintiff cites, however, refers to negative determinations. *Id.* If the determination is affirmative, the statute permits a challenge to the decision not to exclude, or to the determination not to conduct an investigation into exclusion. *See* 19 U.S.C. § 1516a(a)(2)(B)(i). In addition, plaintiff's alternative arguments that § 1581(c) relief will come too late are not sufficient to warrant further discussion; paying deposits pending court review is an ordinary consequence of the statutory scheme.

Accordingly, the court finds that jurisdiction is lacking and the action is dismissed.