**DAIDO CORPORATION, Daido Kogyo Co., Ltd., & Enuma Chain Manufacturing Co., Ltd., Plaintiffs,**

v.

**UNITED STATES, Defendant,**

**American Chain Association, Defendant–Intervenor.**

Court No. 93–06–00311.
Slip Op. No. 94–135.

United States Court of International Trade.

Aug. 25, 1994.

Arent Fox Kintner Plotkin & Kahn, Patrick F. O'Leary, Washington, DC, for plaintiffs.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Civil Div., Commercial Litigation Branch, U.S. Dept. of Justice, Jeffrey M. Telep, Patrick Gallagher, Attorney–Advisor, Office of the Deputy Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, DC, of counsel, for defendant.

Covington & Burling, David E. McGiffert and David R. Grace, Washington, DC, for defendant-intervenor.

### OPINION

CARMAN, Judge:

Plaintiffs (Daido) move for a temporary restraining order and preliminary injunction enjoining the Department of Commerce (Commerce) from conducting an administrative review of *Roller Chain, Other Than Bicycle, From Japan*, 38 Fed.Reg. 9226 (Dep't Treas.1973) for the period April 1, 1992 through March 31, 1993. Plaintiffs seek to enjoin Commerce from conducting this review during the pendency of the instant litigation which challenges *Roller Chain, Other Than Bicycle, From Japan*, 58 Fed.Reg. 30,-769 (Dep't Comm.1993) (final results) and any appeal thereof. In the underlying action, plaintiffs argue Commerce improperly withheld revocation in the 1990–1991 review.

### BACKGROUND

Daido Kogyo Co., Ltd. and Enuma Chain Manufacturing Co., Ltd. are Japanese manufacturers of roller chain. Daido Corporation is an importer of roller chain manufactured in Japan by Daido Kogyo and Enuma Chain. Defendant–Intervenor, is a trade association, a majority of whose members produce roller chain in the United States.

Commerce has conducted numerous administrative reviews of plaintiffs since 1973 when it determined roller chain, other than bicycle, imported from Japan was being sold at less than fair value. *See Roller Chain, Other Than Bicycle, From Japan*, 38 Fed. Reg. 9226 (1973). Of these administrative reviews, in only the 1979–1980 review Commerce determined plaintiffs had above *de minimis* dumping margins. *See Roller Chain, Other Than Bicycle, From Japan*, 46 Fed.Reg. 44,488 (Dep't Comm.1981) (final results).

Plaintiffs have attempted to obtain revocation of the dumping determination since the mid–1970's. In 1977, Customs published tentative revocations and started an investigation to determine whether there were any sales at less than fair value through the tentative revocation date. *See* 19 C.F.R. § 153.44 (1977). After jurisdiction to conduct such investigations passed to Commerce, the agency never completed the investigation. Finally, in 1991, Commerce published a notice directing all shipments manufactured by plaintiffs imported prior to April 1, 1979 be liquidated without the assessment of any dumping duties. *Roller Chain, Other Than Bicycle, From Japan*, 56 Fed.Reg. 19,345 (Dep't Comm.1991) (partial termin. of admin. reviews).

Following the completion in November 1983 of Commerce's administrative review for the period April 1, 1980 through March

31, 1981, plaintiffs again requested revocation. Before Commerce could consider the revocation request, it was required to complete the April 1, 1981 through March 31, 1982 administrative review. *See* 19 C.F.R. § 353.54(b) (1983) (requiring respondent to demonstrate it made no sales at less than fair value for a two year period). Commerce, however, did not complete this review until May 13, 1987. *Roller Chain, Other Than Bicycle, From Japan,* 52 Fed.Reg. 18,004 (Dep't Comm.1987) (final results). Although, plaintiffs had complied with Commerce's regulations, Commerce chose not to revoke and conducted an administrative review for the period April 1, 1986 through March 31, 1987. After finding only *de minimis* margins, Commerce stated it intended to revoke the dumping finding with respect to plaintiffs. *Roller Chain, Other Than Bicycle, From Japan,* 56 Fed.Reg. 23,277, 23,278 (Dep't Comm.1991) (prelim. results).

On June 28, 1991, defendant-intervenor, American Chain, submitted an anonymous confidential letter which alleged reliability and credibility problems in plaintiffs' data submissions to Commerce. Commerce subsequently declined to revoke the dumping finding based on *Freeport Minerals Co. v. United States,* 4 Fed.Cir. (T) 16, 776 F.2d 1029 (1985) which indicates Commerce should not base revocation determinations "on information more than three years old." *Roller Chain, Other Than Bicycle, From Japan,* 56 Fed.Reg. 50,092, 50,093 (Dep't Comm.1991) (final results). Commerce stated the anonymous letter was moot as it pertained to revocation. *Id.*

At American Chain's request, Commerce initiated reviews for both the 1991–1992 and 1992–1993 periods. Commerce initiated the 1991–1992 review and distributed questionnaires to plaintiffs. Plaintiffs did not answer the questionnaires and instead sought to enjoin Commerce from requiring questionnaires for the 1991–1992 administrative review until the conclusion of the 1990–1991 administrative review. Senior Judge Bernard Newman of this Court refused to grant the injunctive relief sought. *Daido Corp. v. United States,* 16 CIT 681, 796 F.Supp. 533 (1992) (*Daido I*). Subsequent to the Court's

ruling, Commerce issued preliminary results and refused to consider revocation of the dumping order because of confidential information it had in its possession. *Roller Chain, Other Than Bicycle, From Japan,* 57 Fed.Reg. 41,471 (Dep't Comm.1992) (prelim. results).

Plaintiffs again applied to the Court for injunctive relief. Judge Aquilino granted plaintiffs' motion for a preliminary injunction enjoining Commerce from proceeding with the 1991–1992 review "pending completion of similar proceedings for the preceding year April 1990 to March 31, 1991 and any judicial review of the result(s) thereof." *Daido Corp. v. United States,* 16 CIT 987, 998, 807 F.Supp. 1571, 1580 (1992) (*Daido II*).

After concluding its administrative review on May 27, 1993 for the period April 1, 1990 through March 31, 1991 and finding *de minimis* margins, Commerce declined to revoke. *Roller Chain, Other Than Bicycle, From Japan,* 58 Fed.Reg. at 30,769. Commerce based its decision not to revoke on the anonymous confidential letter which prevented it from concluding that less than fair value sales would not occur in the future. *Id.* at 30,773–74.

On October 25, 1993, plaintiffs sought to enjoin Commerce from conducting the 1992–1993 administrative review. Plaintiffs withdrew their motion when Commerce requested a remand to reconsider its decision not to revoke. On June 27, 1994, Commerce again refused to revoke based upon Customs' investigation of the business practices of plaintiffs. *Final Results of Redetermination Pursuant to Court Remand, Daido Corp. v. United States* (1994). Commerce indicated in its remand results that Customs' investigation was not yet complete. *Id.* at 4. Based upon the remand results, plaintiffs renewed their motion for injunctive relief to enjoin Commerce from continuing the 1992–1993 administrative review. Plaintiffs have not responded to questionnaires for the 1992–1993 administrative review.

## CONTENTIONS OF THE PARTIES

Plaintiffs argue they satisfy the four-part requirement for injunctive relief in that (1) they will be irreparably harmed because they will lose their statutorily-guaranteed right to

judicial review of the decision not to revoke the dumping finding in the context of the 1990–1991 review; (2) they have a reasonable chance of succeeding on the merits; (3) the balance of hardships favors plaintiffs; and (4) the public interest favors granting the injunction.

Commerce and American Chain contend the Court lacks jurisdiction to grant the requested relief and even if there were jurisdiction, plaintiffs have failed to demonstrate their entitlement to the equitable relief they seek. Defendants argue because plaintiffs have an adequate remedy under 19 U.S.C. § 1516a (1988) and 28 U.S.C. § 1581(c) (1988), they are not entitled to review under 28 U.S.C. § 1581(i) (1988). Defendants maintain plaintiffs can seek judicial review of the final results of the 1992–1993 administrative review, and at that point seek an injunction against liquidation of entries pursuant to 19 U.S.C. § 1516a(c)(2).

## DISCUSSION

### A. *Jurisdiction*

■ The first issue before the Court is whether the relief under 28 U.S.C. § 1581(c) is manifestly inadequate, allowing jurisdiction in this action to be based on 28 U.S.C. § 1581(i). "Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Miller & Co. v. United States,* 5 Fed.Cir. (T) 122, 124, 824 F.2d 961, 963 (1987), *cert. denied,* 484 U.S. 1041, 108 S.Ct. 773, 98 L.Ed.2d 859 (1988) (citations omitted).

"The question remains ... whether 28 U.S.C. § 1581(c) provides an adequate avenue for relief, or the only Congressionally intended avenue, for plaintiffs in this case, thus making section 1581(i) jurisdiction inappropriate." *Asociacion Colombiana de Exportadores de Flores v. United States,* 13 CIT 584, 586, 717 F.Supp. 847, 850 (1989). Plaintiffs in *Asociacion Colombiana* asked the Court to enjoin the ITA from proceeding with what they believed to be an unlawful administrative review. *Id.* at 586, 717 F.Supp. at 850. Plaintiffs argued relief was

necessary prior to a final determination in order to spare them the "considerable time, effort and money normally required of participants in such reviews." *Id.* at 586, 717 F.Supp. at 850. After pointing out plaintiffs' desired object would be unobtainable through a judicial challenge commenced after the administrative review had been completed, the Court held it had jurisdiction pursuant to 28 U.S.C. § 1581(i). *Id.* at 588, 717 F.Supp. at 851.

Similarly the Court in *Jia Farm Mfg. Co. v. Secretary of United States Department of Commerce* based jurisdiction on 28 U.S.C. § 1581(i), holding plaintiff's opportunity to challenge Commerce's authority to conduct an administrative review could have been lost by waiting for the final determination. *Jia Farm Mfg. Co. v. Secretary of United States Department of Commerce,* 17 CIT ——, ——, 817 F.Supp. 969, 972 (1993). Therefore, according to the Court, the remedy provided under 28 U.S.C. § 1581(c) was manifestly inadequate. *Id.* at ——, 817 F.Supp. at 972.

In plaintiffs' prior requests to this Court for a preliminary injunction against defendant with respect to the 1991–1992 administrative review, there was no dispute over jurisdiction. *Daido I,* 16 CIT at 683, 796 F.Supp. at 536; *Daido II,* 16 CIT at 988, 807 F.Supp. at 1572. The Court in *Daido I* found judicial review under 28 U.S.C. § 1581(c) would be manifestly inadequate and concluded, therefore, it had jurisdiction pursuant to 28 U.S.C. § 1581(i)(4). *Daido I,* 16 CIT at 683, 796 F.Supp. at 536. The Court in *Daido II* incorporated this finding by reference. *Daido II,* 16 CIT at 988, 807 F.Supp. at 1572.

Contrary to defendants' contentions, the Court finds plaintiffs do not have an adequate remedy under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c). Seeking judicial review of the final results of the 1992–1993 administrative review and, thereafter, an injunction of liquidation of entries pursuant to 19 U.S.C. § 1516a(c)(2) would be a manifestly inadequate form of relief from an alleged unlawful investigation. Therefore, the Court finds it has jurisdiction pursuant to 28 U.S.C. § 1581(i)(4).

## B. *Preliminary Injunction*

In order for plaintiffs to succeed in their request for injunctive relief, they must establish the following four factors: (1) plaintiffs will be immediately and irreparably injured; (2) there is a likelihood of success on the merits; (3) the public interest would be better served by the relief requested; and (4) the balance of hardships favors the plaintiffs. *Zenith Radio Corp. v. United States,* 1 Fed. Cir. (T) 74, 76, 710 F.2d 806, 809 (1983) (citations omitted). Because the Court holds plaintiffs have failed to establish these four factors, the Court denies plaintiffs' motion for injunctive relief.

■ According to plaintiffs, if Commerce completes the 1992–1993 administrative review, uses best information available (BIA) because plaintiffs did not respond to the questionnaires, and assigns margins which are not *de minimis,* Commerce will then claim a basis for not revoking the antidumping order. This scenario, plaintiffs claim, will render the underlying action contesting the 1990–1991 final results moot. Plaintiffs conclude they will be irreparably harmed because the Court will no longer have a justiciable issue before it.

The Court first notes plaintiffs have failed to include any discussion of irreparable harm or the other three factors listed above in the only affidavit submitted to the Court. While it is normally helpful to the Court to receive an affidavit from a plaintiff, or in the instance where plaintiff is a company, a representative of the company, plaintiffs in this action have only provided the Court with an affidavit of their attorney.

Nevertheless, the Court finds no merit in plaintiffs' argument. The margins calculated in the 1992–1993 review will not affect the underlying challenge in this case which contests the 1990–1991 review. Commerce made its final determination with respect to the 1990–1991 review and cannot revisit that determination based on any subsequent margins found in the 1992–1993 review. Moreover, if the Court were to hold in plaintiffs' favor in the underlying action and direct Commerce to revoke the roller chain antidumping finding on a retroactive basis, then any preliminary margins calculated during the 1992–1993 administrative review would have no effect.

Plaintiffs' contention that the preliminary results from the 1992–1993 review will cause Commerce to withdraw the tentative notice of revocation before this Court enters judgment in the underlying action is also meritless. Commerce's final decision not to revoke the antidumping finding in the 1990–1991 administrative review subsumed and terminated the earlier tentative notice of revocation. The 1992–1993 investigation, therefore, can have no impact on plaintiffs' claim for revocation.

Furthermore, plaintiffs cannot complain they will lose monies based on duties owing on margins found in the 1992–1993 review. Plaintiffs could seek to enjoin liquidation of entries from the 1992–1993 period. Any deposits paid by plaintiffs would then be fully refundable if Commerce's 1992–1993 determination is later found to be not in accordance with law.

Additionally, plaintiffs cannot base their claim of immediate and irreparable harm on their decision not to respond to the questionnaires for the 1992–1993 administrative review. Although plaintiffs' failure to respond to the questionnaires may result in the application of best information available (BIA), plaintiffs could have helped avoid the potential use of BIA by answering the questionnaires. Any complaints plaintiffs may have with respect to the use of BIA would be a separately reviewable matter not part of the instant action.

■ With respect to the other factors, the Court holds plaintiffs have failed to establish they are likely to succeed on the merits. Additionally, the Court holds the public interest will not be served by impeding the proper administration of the U.S. trade laws by prohibiting Commerce from conducting the administrative review. Finally, the Court holds the balance of hardships favors defendant in the instant action because Commerce would be precluded from carrying out its duties under the trade laws in an expeditious manner if injunctive relief were granted.

■ The Court, however, notes the government does not seem to have proceeded in an expeditious manner throughout these proceedings. Indeed at the time of the hearing held on August 23, 1994, the government was unable to advise the Court whether the separate investigation of plaintiffs by Customs had been completed. Accordingly, in accordance with this Court's responsibility to oversee the administration and enforcement of the trade and customs laws, the Court has directed defendant to report to the Court by September 1, 1994 on the status of Customs' investigation. While the Court is not interested in interfering in or directing the course of administrative matters, the Court nevertheless emphasizes the government has an obligation to administer the trade and customs laws in an expeditious manner.

SCHEDULE OF CONSOLIDATED CASES

*American Chain Assoc. v. United States,* Court No. 93–06–00355