**The TIMKEN COMPANY, Plaintiff,**

v.

**UNITED STATES, Defendant,**

**China National Machinery & Equipment Import and Export Corporation (CMEC), Defendant–Intervenor.**

Court No. 87–06–00738.

United States Court of International Trade.

March 22, 1989.

Stewart and Stewart, Eugene L. Stewart and Terence P. Stewart, Washington, D.C., for plaintiff.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Civ. Div., Commercial Litigation Branch, U.S. Dept. of Justice, and Platte B. Moring, III, Washington, D.C., for defendant.

Graham & James, Lawrence R. Walders and Brian E. McGill, Washington, D.C., for defendant-intervenor.

MEMORANDUM OPINION

TSOUCALAS, Judge:

Plaintiff, a domestic manufacturer of tapered roller bearings (TRBs), commenced the above-captioned action in order to challenge the final affirmative determination of the United States Department of Commerce, International Trade Administration (Commerce) in *Tapered Roller Bearings from the People's Republic of China; Final Determination of Sales at Less Than Fair Value*, 52 Fed.Reg. 19,748 (May 27, 1987), which found no dumping margin for defendant-intervenor. In *Timken Co. v. United States*, 12 CIT ——, 699 F.Supp. 300 (1988), this Court affirmed that determination in part and remanded in part. Specifically, the Court found that plaintiff received adequate procedural rights and approved Commerce's use of the constructed value methodology and the "best information available rule." The Court also sustained Commerce's appraisal of the foreign market value, except with regard to computation of the net raw material cost and excise tax. *Id.* at ——, 699 F.Supp. at 309. The Court remanded to Commerce to recalculate the net cost of raw materials using consistent sources of evidence in the record, namely, the telexes from the United States Consulate in Bombay, India. The Court also directed Commerce to correct 2.98 percent undervaluation of the Chinese factory overhead rate. The Court has received the final results of the remand. Neither plaintiff nor defendant-intervenor challenges the remand determination.

Presuming familiarity with the decision in *Timken Co.*, the Court does not reiterate plaintiff's concerns regarding calculation of net raw material cost and factory overhead. Suffice to state that in its remand determination, Commerce relied on the adjusted raw material prices and scrap value quoted in the telexes from the United States Consulate in Bombay. In accordance with the Court's instructions, Commerce rectified undervaluation of the Chinese factory overhead by excluding excise tax in computing the Indian factory overhead rate. These modifications, which conform to the instructions in *Timken Co.*,

yielded a 4.69 percent weighted-average dumping margin for defendant-intervenor. The rate for Premier Bearing & Equipment, Ltd. remains unchanged at 0.97 percent, but the rate for all other companies covered by the subject investigation increased from 0.97 to 2.96 percent.

Having reviewed the supplemental record, the Court finds that Commerce's remand results are supported by substantial evidence, and are in accordance with law. The Court affirms Commerce's remand determination and dismisses this action.