The TIMKEN COMPANY, Plaintiff,

v.

UNITED STATES, Defendant,

China National Machinery & Equipment Import and Export Corporation (CMEC), Defendant–Intervenor.

Court No. 87–06–00738.

United States Court of
International Trade.

May 31, 1989.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr. and Charles A. St. Charles, Washington, D.C., Scott A. Scherff, Sr. Corporate Atty., the Timken Co., of counsel for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen.; David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, and Platte B. Moring, III, Washington, D.C., for defendant.

Graham & James, Lawrence R. Walders and Brian E. McGill, Washington, D.C., for defendant-intervenor.

## MEMORANDUM OPINION

TSOUCALAS, Judge:

This opinion is issued in conformity with this Court's order of May 26, 1989, which granted plaintiff's application for a writ of mandamus. The issue in contention is whether 19 U.S.C. § 1516a(e) (1982) created a clear obligation on the United States Department of Commerce, International Trade Administration (Commerce) to publish in the *Federal Register* notice of this Court's opinion in *Timken Co. v. United States*, 13 CIT ——, 714 F.Supp. 535 (1989), *notice of appeal filed* (Fed.Cir. May 22, 1989), within ten days of entry of such decision. Under 19 U.S.C. § 1516a(e), an agency's publication of notice of final judicial decisions is a condition precedent to execution of final judgments for purposes of liquidation. The question of availability of relief in a mandamus action will be addressed after a discussion of the procedural history of this case.

### Background

Plaintiff, a domestic producer of tapered roller bearings (TRBs), filed a petition with Commerce alleging that TRBs from the People's Republic of China were being sold in the United States at less than fair value. Commerce investigated two companies: defendant-intervenor China National Machinery & Equipment Import and Export Corporation, and Premier Bearing & Equipment, Ltd. They accounted for all sales of TRBs from the People's Republic of China. With Commerce's issuance of an affirmative preliminary determination that both companies were making sales at less than fair value, liquidation of Chinese TRB entries was suspended in accordance with 19 U.S.C. § 1673b(d)(1) (1982). 52 Fed.Reg. 3833 (Feb. 6, 1987). Suspension of liquidation for defendant-intervenor's entries was subsequently terminated pursuant to 19 U.S.C. § 1673d(c)(1)(B) (1982), however, because Commerce excluded defendant-intervenor from the scope of the final affirmative antidumping determination. 52 Fed. Reg. 19,748 (May 27, 1987).

Plaintiff commenced this action to challenge that determination and concurrently sought to enjoin liquidation of the entries from defendant-intervenor. This Court denied plaintiff's application for injunctive relief. *Timken Co. v. United States*, 11 CIT ——, 666 F.Supp. 1558 (1987). Upon the completion of the proceedings on the merits, the Court affirmed certain contested portions of Commerce's determination and remanded to Commerce the remaining issues. *Timken Co. v. United States*, 12 CIT ——, 699 F.Supp. 300 (1988). Recalculations of certain costs by Commerce consistent with the instruction of this Court yielded a 4.69 percent weighted-average dumping margin for defendant-intervenor. This Court affirmed Commerce's remand determination and dismissed the action on March 22, 1989.

On May 10, 1989, plaintiff applied for mandamus, claiming that 19 U.S.C. § 1516a(e) compels Commerce to publish notice of this Court's March 22, 1989 decision, which disposed of the entire controversy, within ten days of entry of that decision. Plaintiff concurrently petitioned for a temporary restraining order, seeking to enjoin liquidation of TRB entries from defendant-intervenor during judicial consid-

eration of whether a writ is appropriate in this case. This Court granted plaintiff's application for a temporary restraining order and, on May 26, 1989, issued an order directing Commerce to publish notice of this Court's March 22, 1989 decision by May 30, 1989. Meanwhile, on May 22, 1989, defendant-intervenor appealed this Court's March 22, 1989 decision. Commerce has failed to comply with this Court's May 26, 1989 order.

*Discussion*

### A. Standard for Mandamus

■ This Court may issue a writ of mandamus under 28 U.S.C. § 2643(c)(1) (1982). A writ may be properly issued in the presence of the following three elements: (1) a clear right of the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) absence of an adequate alternative remedy. *See Kerr v. United States Dist. Court for the Northern Dist. of California,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Maier v. Orr,* 754 F.2d 973 (Fed.Cir.1985); *13th Regional Corp. v. U.S. Dep't of Interior,* 654 F.2d 758 (D.C.Cir.1980). Relief in mandamus is available "only where the duty to be performed is ministerial and the obligation to act peremptory, and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and undisputable." *13th Regional Corp. v. U.S. Dep't of Interior* at 760 (citing *United States ex rel. McLennan v. Wilbur,* 283 U.S. 414, 420, 51 S.Ct. 502, 504, 75 L.Ed. 1148 (1931)).

"The requirement that a duty be 'clearly defined' to warrant issuance of a writ does not rule out mandamus actions in situations where the interpretation of the controlling statute is in doubt.... As long as the statute, once interpreted, creates a peremptory obligation for the [government] to act, a mandamus action will lie." *Id.* Furthermore, issuance of the writ is in large part left to the discretion of the court considering the petition. *See, e.g., Kerr v. United States Dist. Court for the Northern Dist. of California,* 426 U.S. at 403, 96 S.Ct. at 2124. When observed in the context of these factors, relief in mandamus is appropriate because requisite grounds exist in this case for providing such remedy.

### B. Statutes Governing Liquidation of Entries

1. 19 U.S.C. § 1516a(e)

■ For purposes of liquidation, final court decisions are not executed until the administering agency publishes notice of such decisions in the *Federal Register* pursuant to 19 U.S.C. § 1516a(e). The parties appear to agree that this Court's March 22, 1989 decision, which affirmed Commerce's determination on remand, constitutes this Court's final pronouncement in the action. The Court therein determined the rights of the parties and disposed of all of the issues involved. The dispute in the instant action is whether that decision is "final" for the purposes of 19 U.S.C. § 1516a(e). This statute provides:

(e) Liquidation in accordance with final decision

If the cause of action is sustained in whole or in part by *a decision of the United States Court of International Trade or of the United States Court of Appeals for the Federal Circuit—*

(1) entries of merchandise of the character covered by the published determination of the Secretary, the administering authority, or the Commission, which is entered, or withdrawn from warehouse, for consumption after the date of publication in the Federal Register by the Secretary or the administering authority of *a notice of the court decision,* and

(2) entries, the liquidation of which was enjoined under subsection (c)(2) of this section, shall be liquidated in accordance with *the final court decision in the action. Such notice of the court decision shall be published within ten days from the date of the issuance of the court decision.* (Emphasis supplied).

■ Plaintiff argues that § 1516a(e) created a clear obligation on Commerce to publish notice of this Court's March 22, 1989 decision, which affirmed Commerce's determination on remand, by April 1, 1989.

Publication of that decision would result in suspension of liquidation of the TRBs exported by defendant-intervenor and require the deposit of antidumping duties at 4.69 percent.

Defendant and defendant-intervenor counter that the final decision of this Court, which is adverse to the original Commerce determination, i.e., exclusion of defendant-intervenor from the scope of antidumping determination, is not "final" until the Court of Appeals for the Federal Circuit (Federal Circuit) upholds this Court's decision or until the time period for appeal (sixty days) expires. A coordinate contention is that the agency determination, which is incompatible with the final decision of this Court, nonetheless governs liquidation until the proceedings before the Federal Circuit have been exhausted or until appeal becomes time-barred.

For the reasons set forth below, the Court concludes that the arguments advanced by defendant and defendant-intervenor are not statutorily warranted and that plaintiff has a right to mandamus.

The statute does not bear defendant's assertion that "the final decision in the action" referred to in § 1516a(e)(2) is a decision of the Federal Circuit unless no appeal is taken. Section 1516a(e) uses a disjunctive: Commerce will publish "a decision of the United States Court of International Trade *or* of the United States Court of Appeals for the Federal Circuit," which sustains "the cause of action ... in whole or in part" (emphasis supplied). Subsection 1516a(e)(2) further states that "notice of [such] court decision shall be published within ten days from the date of the issuance of the court decision." It is thus unlawful for Commerce to hold in abeyance the effectiveness of the final decision of this Court beyond the ten-day period after entry of such decision.

### 2. 19 U.S.C. § 1516a(c)

To the extent that § 1516a(e) might be regarded as ambiguous, the Court is fortified in its reading of it by the specifications in § 1516a(c), the correlative provision of § 1516a(e). Section 1516a(c), which governs the effectiveness of agency determinations during the pendency of judicial review reads in part:

(c) Liquidation of entries

(1) Liquidation in accordance with determination

Unless such liquidation is enjoined ... entries of merchandise of the character covered by a[n agency] determination ... shall be liquidated in accordance with the determination ... if they are entered, or withdrawn from warehouse, for consumption on or before the date of publication in the Federal Register by the Secretary or the administering authority of *a notice of a decision of the United States Court of International Trade, or of the United States Court of Appeals for the Federal Circuit, not in harmony with that determination. Such notice of a decision shall be published within ten days from the date of the issuance of the court decision.* (Emphasis supplied).

In general, liquidation of "entries of merchandise ... covered by a[n agency] determination," which is referred to in § 1516a(c)(1), will occur according to that determination while judicial review is proceeding. Until overruled, an agency determination is presumed to be correct. However, this presumption is no longer operative once "a notice of a decision of the United States Court of International Trade, *or* of the United States Court of Appeals for the Federal Circuit, [which is] *not in harmony* with that determination" is published. *Id.* (emphasis supplied).

The legislative history clarifies that the agency determination will only govern those entries which "entered prior to the *first decision of a court* which is *adverse* to that [determination]." H.R.Rep. No. 317, 96th Cong., 1st Sess. 179, 182 (1979) (emphasis supplied). Section 1516a(c)(1), like § 1516a(e)(2), states that Commerce must publish such final decision of this Court "within ten days from the date of the issuance of the court decision." Therefore, in situations where this Court renders a decision which is "adverse" to the original

Commerce determination, the statute requires notice of publication of such decision in ten days. The restrictive "ten-day rule" would not have been imposed on Commerce if Congress had intended to hold in abeyance the type of decisions of this Court in question during the period when an appeal remains a possibility and during the pendency of appellate review.

This Court's March 22, 1989 decision is "adverse" to Commerce's original determination: defendant-intervenor's imports, which entered the stream of commerce of the United States without any antidumping duty liability by virtue of their exclusion from the scope of the antidumping duty order, were found by this Court to be dumped at a margin of 4.69 percent. Section 1516a(e) thus mandated Commerce to publish notice of that decision by April 1, 1989.

Defendant and defendant-intervenor insist that this duty was abrogated in this case because this Court denied plaintiff's application for injunctive relief at the commencement of the action. *See supra* p. 374. As stated above, the contested agency determination controls liquidation until the reviewing court renders an adverse decision. However, liquidation may be enjoined under certain extraordinary circumstances. This injunctive power was legislated in the Trade Agreements Act of 1979. Defendant theorizes that inauguration of this injunctive power, coupled with prior versions of §§ 1516a(c) and (e), supports the view that "unless liquidation is enjoined, the liquidation of entries shall continue in accordance with the contested administrative determination until there is a *final* disposition of the judicial proceedings," i.e., a decision of the Federal Circuit. *Defendant's Surreply* at 4 (emphasis in original). The Court remains unpersuaded by defendant's reasoning.[1]

The guiding principle of statutory construction is that "the starting point for interpreting a statute is the language of the statute itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed. 2d 766 (1980). That language is ordinarily conclusive absent a clearly expressed legislative intent to the contrary. *Id.* The prior versions of §§ 1516a(c) and (e) are not restated in detail because their contemporary counterparts are clear and are supported by the accompanying legislative history.

Further, the question of whether liquidation is enjoined or not during the proceedings before this Court is separate and distinct from the issue of the finality of decisions of this Court. Injunction against liquidation is granted to preserve effectiveness of the Court's final judgment on the merits. *See Zenith Radio Corp. v. United States*, 710 F.2d 806 (Fed.Cir.1983). Whether injunctive remedy was granted or not cannot serve as a litmus test for resolving the question of the finality of decisions of this Court because injunctions, even if granted, are ordinarily dissolved upon issuance of this Court's ultimate pronouncement in the action. In view of Commerce's statutory duty to publish notice of this Court's March 22, 1989 decision, it is arbitrary to deprive plaintiff of the fruits of this Court's ultimate pronouncement in the action until completion of the proceedings before the Federal Circuit, on the grounds that plaintiff did not succeed in obtaining an injunction prior to prevailing, in part, on the merits.

### C. *Melamine Chemicals Inc. v. United States*

Defendant contends *Melamine Chemicals Inc. v. United States*, 732 F.2d 924 (Fed.Cir.1984) settled that § 1516a(c) authorizes liquidation according to the original agency determination, rather than to this Court's decision which is "adverse" to it, until the Federal Circuit sustains this Court's decision. This argument lacks per-

---

**1.** The Trade Act of 1974, which was repealed by the Trade Agreements Act of 1979, provided for suspension of liquidation upon publication of the first judicial decision that was adverse to the agency determination under review, and for liquidation or reliquidation of suspended entries in accordance with the "final disposition" of the action. Congress intended to "substantially alter[ ]" this framework under the Trade Agreements Act of 1979. S.Rep. No. 96–249, 96th Cong., 1st Sess. 245 (1979), *reprinted in* 1979 U.S.Code Cong. & Admin. News 381, 630.

suasiveness. In *Melamine Chemicals*, the trial court rescinded Commerce's negative determination and suspended liquidation prior to issuing a final judgment. An interlocutory appeal followed, and the Federal Circuit reversed. As the interlocutory nature of the appeal makes evident, the court ordered suspension of liquidation prior to disposing of the entire controversy on the merits. To recapitulate, § 1516a(c) authorizes suspension of liquidation in situations where an injunction or a final court decision is in place. Neither justification existed to support suspension of liquidation in *Melamine Chemicals*. Unlike *Melamine Chemicals*, however, a final court decision has been issued in the instant action, thereby warranting suspension of liquidation. *Cf. Smith Corona Corp. v. United States*, 13 CIT ——, 706 F.Supp. 908 (1989), *appeals docketed*, Nos. 89–1389 (March 31, 1989); 89–1388, 1399, and 1400 (Apr. 3, 1989); 89–1398 and 1387 (Apr. 4, 1989) (liquidation will be suspended upon issuance of a final judgment).

D. *Rule 62 of the Rules of the U.S. Court of International Trade*

■ The execution of this Court's March 22, 1989 decision may not be held in abeyance for the further reason that it violates the Rules of the United States Court of International Trade (USCIT). Rule 62(a) of the USCIT provides that a judgment of this Court "shall not be [automatically] stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal." A stay of this Court's March 22, 1989 decision may be obtained pursuant to Rule 62(d) of the USCIT or by filing a proper application to the Federal Circuit. A stay must be granted by either court.

These Rules are consistent with the general principle that a lower court's decision is valid and enforceable during the pendency of any appeal. *See, e.g., Newball v. Offshore Logistics Int'l*, 803 F.2d 821 (5th Cir.1986); *SSIH Equipment S.A. v. U.S. Int'l Trade Comm'n*, 718 F.2d 365 (Fed. Cir.1983). The argument of defendant and defendant-intervenor concerning the enforceability of the decisions of this Court represents a radical and unsubstantiated departure from this general principle. The statutory construction of defendant and defendant-intervenor subverts orderly judicial proceedings and hierarchy governing the proper order of authority between an administrative agency and this Court.

*Conclusion*

For the foregoing reasons, this Court determines that Commerce's publication of notice of this Court's March 22, 1989 decision is a ministerial act, clearly required by the statute to occur by April 1, 1989. Defendant-intervenor's imports of TRBs from the People's Republic of China are being liquidated without any antidumping duty liability despite this Court's March 22, 1989 decision, which affirmed Commerce's remand determination that defendant-intervenor was dumping at 4.69 percent. Commerce's refusal to publish this Court's March 22, 1989 decision violates 19 U.S.C. § 1516a(e).

Plaintiff has a right to have Commerce publish notice of this Court's March 22, 1989 decision because plaintiff is a member of the domestic industry, which is the intended beneficiary of that decision. Under the circumstances, denial of a writ leaves plaintiff without meaningful remedy because the liquidated entries will never be subjected to scrutiny despite this Court's March 22, 1989 decision. Therefore, plaintiff's application for mandamus is granted. It has been so ordered.