**SMITH CORONA CORPORATION, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 89–06–00297.**

United States Court of International Trade.

July 20, 1989.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Washington, D.C., and John M. Breen, for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept.

of Justice, Washington, D.C., Jeanne E. Davidson and Jane E. Meehan, and Office of Chief Counsel for Import Admin., U.S. Dept. of Commerce, Pamela Green, Washington, D.C., for U.S.

McDermott, Will & Emery, R. Sarah Compton, Lizbeth R. Levinson and Patrick J. Cumberland, Washington, D.C., for proposed intervenor-defendant Nakajima All Co., Ltd.

Tanaka Ritger & Middleton, H. William Tanaka, Patrick F. O'Leary and Alice Mattice, Washington, D.C., for proposed intervenor-defendants Brother Industries, Ltd. and Brother Intern. Corp.

Covington & Burling, Harvey M. Applebaum and David R. Grace, Washington, D.C., for proposed intervenor-defendants Canon Inc. and Canon U.S.A., Inc.

Weil, Gotshal & Manges, Stuart M. Rosen and Karin M. Burke, New York City, for proposed intervenor-defendants Matsushita Elec. Indus. Co., Ltd., Kyushu Matsushita Elec. Indus. Co., Ltd. and Panasonic Co. and Panasonic Indus. Co., Divisions of Matsushita Elec. Corp. of America.

Willkie Farr & Gallagher, Christopher A. Dunn, Zygmunt Jablonski, Washington, D.C., and Sarah C. Middleton, for proposed intervenor-defendants Silver Seiko, Ltd. and Silver Reed America, Inc.

## MEMORANDUM

AQUILINO, Judge:

The plaintiff has brought this action seeking immediate suspension of liquidation of portable electric typewriters incorporating calculators or text memories and which were imported during the years May 1, 1986 through April 30, 1989 and are or may be subject to administrative reviews conducted pursuant to 19 U.S.C. § 1675 by the International Trade Administration, U.S. Department of Commerce ("ITA").

### I

The complaint alleges that on June 19, 1987 the ITA initiated an antidumping-duty administrative review of portable electric typewriters ("PETs") from Japan for the year May 1, 1986 through April 30, 1987 [1] and that the agency initiated a second such review for the succeeding year on June 29, 1988. *See* 53 Fed.Reg. at 24,470, 24,471. In addition, plaintiff's pleading, as well as its presentation in open court on July 11, 1989, indicate commencement on June 21, 1989 of a third administrative review (for the period May 1, 1988 through April 30, 1989). *See* 54 Fed.Reg. at 26,069. The complaint further alleges that on August 30 and October 27, 1988 and January 23 and March 6, 1989 the plaintiff requested the ITA to suspend liquidation of entries of PETs incorporating calculators or text memories during the pendency of the reviews. Thereafter, a letter dated May 19, 1989 and signed by the ITA's Acting Division Director, Office of Antidumping Compliance was sent to plaintiff's counsel, stating:

We reviewed your requests for suspension of liquidation on automatic typewriters and PETs with calculating mechanisms. As you know, the decision of the Court of International Trade is being appealed by respondents. Until court action is completed, we are governed by the January 14, 1987 notice of Final Results of Review, which states that automatic PETs and PETs with calculating mechanisms are not within the scope of the antidumping duty order. 19 U.S.C. sections 1516a(c) and (e) instruct the Department to liquidate merchandise in accordance with the determination of the Secretary, or if appealed, as ordered by the courts. We have suspended liquidation of entries made during the May 1, 1982 through April 30, 1986 period, the only period for which the court has ordered suspension. We will not suspend liquidation of entries for subsequent periods.[2]

Plaintiff's reaction to this letter has been commencement of this action and simultaneous service and filing of an application

---

1. *See* 52 Fed.Reg. at 23,330, 23,331.

2. Exhibit 5 to Affidavit of Terence P. Stewart, sworn to June 2, 1989.

for a preliminary injunction to suspend now liquidation of entries of the contested merchandise for the three years subject to review. The complaint avers that the action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(B)(vi). Jurisdiction is claimed under 28 U.S.C. § 1581(c) or 28 U.S.C. § 1581(i) and the All Writs Act, 28 U.S.C. § 1651(a).

The defendant has responded with a motion to dismiss, as have the respondents in the ongoing administrative proceedings along with motions by them for leave to intervene herein as parties defendant.

## II

The "decision of the Court of International Trade" referred to in the above letter, presumably, is reported *sub nom. Smith Corona Corporation v. United States*, 13 CIT ——, 706 F.Supp. 908 (1989), pursuant to which judgment entered, affirming the ITA's final results of revised scope determinations as to the typewriters in question. Stated another way, PETs incorporating calculators or text memories have now been held to be within the scope of the *Antidumping Duty Order on Portable Electric Typewriters from Japan*, 45 Fed.Reg. 30,618 (May 9, 1980).

While the plaintiff and the intervenor-defendants in that case have docketed appeals from the judgment with the Court of Appeals for the Federal Circuit, Consol. No. 89–1387, the ITA has not. Indeed, the agency's *Final Results of Revised Scope Determination for Antidumping Duty Order on Portable Electric Typewriters from Japan Pursuant to Court Remand* (Nov. 23, 1988) had stated, among other things:

> Since we are not changing, but only clarifying, the scope of the antidumping order, our decision must apply to all un-

liquidated entries of portable electric typewriters incorporating text memory and portable electric typewriters incorporating a calculating mechanism. When the judicial review of ... *Final Results of Antidumping Duty Administrative Review*, 52 Fed.Reg. 1504 (Jan. 14, 1987) has been completed and the Department's determinations are finally affirmed by the courts, we will publish our redetermination in the *Federal Register*, and order Customs to suspend liquidation of all entries of such merchandise.

Thereafter, before this court in support of entry of final judgment, counsel for the ITA had taken the following tack:

> ... Because Commerce on its own has changed its position on one of the issues (concerning PETs with calculating mechanisms) and will recommend to the Solicitor General that no appeal of the other issue (concerning PETs with text memory) be prosecuted, SCM is likely to ultimately succeed on the merits of this case. For that reason, an injunction to prevent liquidation pending resolution of the appeals would be appropriate. Accordingly, the Court should issue an order in which it dismisses the outstanding claims, enters final judgment, and enjoins the liquidation of entries of PETs with calculating mechanisms or text memory.[3]

Also, in an action challenging *Portable Electric Typewriters from Japan Final Results of Antidumping Duty Administrative Review*, 53 Fed.Reg. 40,926 (Oct. 19, 1988), *sub nom. Smith Corona Corporation v. United States*, CIT No. 88–11–00866, the defendant did not oppose grant of a preliminary injunction, suspending liquidation of all entries of portable electric typewriters with calculators or text memories and entered between May 1, 1982 and April 30, 1986.[4]

---

**3.** Defendant's Memorandum in Partial Opposition to Motion of Smith Corona for Final Judgment, Remanding the Action for Suspension of Liquidation, or, in the Alternative, for Preliminary Injunction, pp. 8–9 (CIT No. 87–02–00157 Dec. 22, 1988).

**4.** Since the underlying record indicated entries of such merchandise during this period of ad-

ministrative review, the court ordered suspension of liquidation pending judicial review in the light of *Zenith Radio Corporation v. United States*, 710 F.2d 806 (Fed.Cir.1983), but denied injunctive relief in the 1987 case in the absence of any such entries and also of the requisite showing for such relief by the plaintiff. *See Smith Corona Corporation v. United States*, 13 CIT at ——, 706 F.Supp. at 912–13. That case

**66**

Against the background of the foregoing actions, raising the issue of suspension of liquidation of entries of the contested PETs, the defendant opposes suspension via this action, denying that its present stance is inconsistent with its prior position(s).

### III

■ On its part, the plaintiff presses this action as being within the purview of 19 U.S.C. § 1516a (and thus section 1581(c) of title 28, U.S.C.), in particular section 1516a(a)(2)(B)(vi), which makes contestable in court a

> determination by the administering authority as to whether a particular type of merchandise is within the class or kind of merchandise described in an existing finding of dumping or antidumping or countervailing duty order.[5]

However, that determination was finally reviewed and decided by this court in the February 1989 decision reported at 13 CIT ——, 706 F.Supp. 908, and with which the defendant does not take issue.

■ The plaintiff proceeds to articulate this action's gravamen as follows:

> As outlined in the Affidavit of Terence P. Stewart and in the letters attached thereto, Smith Corona sought a determination from the ITA suspending liquidation of entries of portable electric typewriters from Japan incorporating text memory or calculating devices. The grounds for that request were twofold. First Smith Corona urged the agency to apply section 1321(d) of the Omnibus Trade and Competitiveness Act of 1988 and, pending application of that provi-

sion, to suspend liquidation of entries in accordance with agency practice. *See* Stewart Affidavit Exhibits 1, 3. Second, Smith Corona urged the agency to suspend liquidation in accordance with the final judgment of the Court of International Trade in *Smith Corona Corp. v. United States*, 698 F.Supp. [240] at 240 [*sic*] [(CIT 1988)]. Stewart Affidavit at Exhibits 2–4.

By its May 19, 1989 ruling, however, ITA refused to suspend liquidation of entries of portable electric typewriters on either ground.[6]

Obviously, the complaint is with the May 19 letter, which the plaintiff admits, as it must, only addresses the issue of suspension of liquidation.[7] However, neither the letter nor the issue is yet within the purview of "reviewable determinations" specified in 19 U.S.C. § 1516a(a)(2)(B).

■ The plaintiff further argues that, whatever the precise nature of the letter[8], agency inaction can constitute determination as much as action can. The court concurs. *E.g., Heckler v. Chaney*, 470 U.S. 821, 828, 105 S.Ct. 1649, 1654, 84 L.Ed.2d 714 (1985). The plaintiff also claims that jurisdiction can be invoked under section 28 U.S.C. § 1581(i) where another lettered subsection of 1581 is unavailable or the remedies under that other subsection would be "manifestly inadequate". Again, the court concurs. *E.g., Nakajima All Co., Ltd. v. United States.*[9]

■ This court cannot concur, however, that section 1581(c) will not be available or would be manifestly inadequate as a basis

had been brought seeking review not only of the scope issue, but also of the final results of an ITA administrative review of the original antidumping-duty order for the period May 1, 1981 to April 30, 1982.

5. The plaintiff also attempts to rely on section 1321(d) of the Omnibus Trade and Competitiveness Act of 1988, 19 U.S.C. § 1677j(d), regarding later-developed merchandise, but that provision, on its face, is inapposite to the question of suspension of liquidation.

6. Memorandum of Points and Authorities in Support of Smith Corona Corporation's Application for Preliminary Injunction, pp. 3–4.

7. *See id.* at 4.

8. The court notes in passing that the May 19 letter herein is not the equivalent of the ruling letter of June 9, 1982, which was the underpinning of the earlier decision in *Smith Corona Group, SCM Corp. v. United States*, 8 CIT 100, 593 F.Supp. 415 (1984).

9. 12 CIT ——, 682 F.Supp. 52 (1988). This was yet another action emanating from the May 1980 antidumping-duty order. The court concluded that it "has jurisdiction, under § 1581(i), to hear a cause of action arising from Commerce's *extended* delays in completing and publishing its 751 review results after it has published its initiation of the reviews." 12 CIT at ——, 682 F.Supp. at 57 (emphasis in original).

Those results have now been published and are the subject of the 1988 action, wherein the

for exercise of plaintiff's present claimed right to judicial review. Indeed, section 1581(c) has proven adequate for such review in the 1987 and the 1988 actions, which stemmed from reviewable determinations and which have resulted in judicial grant of certain relief, including the kind sought herein.

The plaintiff also attempts to rely on *The Timken Company v. United States,* 13 CIT ——, 715 F.Supp. 373 (1989), *appeal docketed,* No. 89-1489 (Fed.Cir. June 5, 1989), wherein the court granted a writ of mandamus against the ITA for its failure, based on argumentation similar to that of the defendant herein, to publish notice of the court's earlier, final decision, 714 F.Supp. 535 (CIT 1989). But that relief was necessary only after the ITA had rendered a final, reviewable administrative determination and after there had been judicial review and entry of final judgment.

 Were the proceedings the plaintiff complains of now at such a point, grant of similar relief might be appropriate, but, simply stated, this action is not ripe for judicial review and amounts, at least arguably, to an attempted interlocutory appeal from ongoing administrative-review proceedings of the kind Congress has sought to restrict.[10] As such, it is vulnerable to defendant's motion to dismiss, which must be granted.

Judgment will enter accordingly.

## JUDGMENT

This action having been duly submitted for decision, and the court, after due deliberation, having rendered a decision herein; Now, therefore, in conformity with said decision, it is

ORDERED that defendant's motion to dismiss the complaint be, and it hereby is, granted; and it is further

ORDERED that the motions for leave to intervene as parties defendant on the part of Nakajima All Co., Ltd., Brother Industries, Ltd. and Brother International Corp., Canon Inc. and Canon U.S.A., Inc., Matsushita Electric Industrial Co., Ltd., Kyushu Matsushita Electric Industrial Co., Ltd., Panasonic Company and Panasonic Industrial Company, Divisions of Matsushita Electric Corporation of America, and Silver Seiko, Ltd. and Silver Reed America, Inc. be, and they hereby are, dismissed; and it is further

ORDERED, ADJUDGED and DECREED that this action be, and it hereby is, dismissed.

court has ordered liquidation suspended for the period covered. *See supra* note 4 and accompanying text.

10. *See, e.g.,* United States–Canada Free–Trade Agreement Implementation Act of 1988, Pub.L. No. 100–449, § 402(a), 102 Stat. 1851, 1883–84 (1988), which added a sentence to section 1581(i) stating, in part, that that "subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable ... by the Court of International Trade under section 516A(a) of the Tariff Act of 1930 ..."; and H.R.Rep. No. 725, 98th Cong., 2d Sess. 46–48 (1984). *See also Koyo Seiko Compa-*

*ny, Ltd. v. United States,* 13 CIT ——, ——, 715 F.Supp. 1097, 1099–1100 (1989):

[W]hile Congress contemplated that there would be some civil actions relating to an antidumping duty proceeding which could be heard pursuant to 28 U.S.C. § 1581(i), it intended that this section should not be used to permit the appeal of a procedural determination, but rather, that all procedural considerations should be decided by this court when the final agency determination is made[,]

quoting *PPG Industries, Inc. v. United States,* 2 CIT 110, 112–13, 525 F.Supp. 883, 885 (1981).