TSUYOSHI NAKAMURA, PLAINTIFF *v.* JOHN H. HEINRICH, DISTRICT DIRECTOR OF CUSTOMS, LOS ANGELES CUSTOMS DISTRICT, AND JOHN H. HEINRICH IN HIS INDIVIDUAL CAPACITY, DEFENDANT

Court No. 91–08–00547

(Decided February 18, 1992)

*Politis, Pollack & Doram,* (*John N. Politis*) for plaintiffs.
*Stuart M. Gerson,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office (*Mark S. Sochaczewsky*) for defendant.

OPINION

I. INTRODUCTION

MUSGRAVE, *Judge:* This case is before the Court on separate motions by the defendant John Heinrich in his capacity as District Director of Customs for the Los Angeles Customs District, and in his individual capacity, to dismiss the action for failure to state a claim upon which relief can be granted.

Plaintiff is a licensed customs broker who recently parted ways with his former employer, Seair Express, Inc., a customs brokerage company in the Los Angeles district. This dispute arose when plaintiff applied to defendant for a customs broker's permit, which defendant denied after investigation. Plaintiff argues that pursuant to 19 U.S.C. § 1641 (c) (1991) and customs regulations, issuance of a customs broker's permit is "routine, ministerial, *pro forma,* and non-discretionary." Plaintiff's *Complaint For Declaratory And Injunctive Relief And Money Damages,* at 3. Plaintiff seeks a mandatory injunction ordering defendant customs director to issue him a broker's permit, a judgment declaring the provisions of 19 C.F.R. § 111.19(f) (1991) authorizing an investigation of a permit applicant to be *ultra vires,* and a judgment against Mr. Heinrich in his individual capacity for money damages and attorney's fees. Plaintiff's *Complaint,* at 6.

II. CLAIM AGAINST THE INDIVIDUAL

Plaintiff asserts that the defendant's action denying the permit is a violation of his right to due process under the Fifth Amendment of the

Constitution and requests damages of not less than $30,000 plus attorney's fees from Mr. Heinrich in his individual capacity based on *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971). *Plaintiff's Response To Defendant's (John H. Heinrich In His Individual Capacity) Motion To Dismiss This Action, at 5 et seq*. Plaintiff asserts jurisdiction is proper under 28 U.S.C. §§ 1581(g) and 1581(i)(4) (1991).

This Court is without power to enter a money judgment against an individual on a civil action filed under § 1581. 28 U.S.C. § 2643(a)(1) (1991). Accordingly, plaintiff's claim against Defendant John Heinrich in his individual capacity is dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(5) of the Court of International Trade.

### III. CLAIMS AGAINST THE DISTRICT DIRECTOR

Although plaintiff requests a "mandatory injunction" ordering the defendant district director of customs to issue a broker's permit, the remedy he seeks is mandamus. *See Koyo Seiko Co. v. United States*, 13 CIT 461, 463, 715 F. Supp. 1097, 1099 (1989). This Court has jurisdiction under 28 U.S.C. § 1581(g)(1), and the power to issue writs of mandamus under 28 U.S.C. § 2643(c)(1).

A writ of mandamus may issue when a plaintiff has a clear right to the relief sought, the defendant has a clear duty to do the act in question, and there is no adequate alternative remedy. *Timken Co. v. United States*, 13 CIT 454, 456, 715 F. Supp. 373, 375 (1989). Mandamus is available "only where the duty to be performed is ministerial and the obligation to act peremptory, and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *United States ex rel. McClennan v. Wilbur*, 283 U.S. 414, 420 (1931), cited in *13th Regional Corp. v. U.S. Dep't of Interior*, 654 F.2d 758, 760 (D.C. Cir. 1980). Mandamus may nonetheless be granted "in situations where the interpretation of the controlling statute is in doubt.* * * As long as the statute, once interpreted, creates a peremptory obligation for the government to act, a mandamus action will lie." *13th Regional*, 654 F.2d at 760. Issuance of the writ is in large part left to the discretion of the Court. *Timken*, 13 CIT at 456, 715 F. Supp. at 375.

Plaintiff argues that the use of the word "shall" in 19 U.S.C. 1641(c)(1)[1] and 19 C.F.R. 111.19(a) imposes a non-discretionary duty on the district director to issue plaintiff a permit. Plaintiff contends this non-discretionary duty implies that the investigations authorized by 19 C.F.R. 111.19(f) are *ultra vires. Complaint*, at 3,5.

---

[1] 19 U.S.C. § 1641(c) provides,

Each person granted a customs broker's license under subsection (b) of this section shall—
   (A) be issued a permit, in accordance with regulations prescribed under this section, for each customs district in which that person conducts customs business; and
   (B) except as provided in paragraph (2), regularly employ in each customs for which a permit is so issued at least one individual who is licensed under subsection (b)(2) of this section to exercise responsible supervision and control over the customs business conducted by that person in that district.

Defendant notes that § 1641 authorizes the Secretary of the Treasury to issue regulations governing the issue of permits. Defendant maintains that § 1641 and the regulations thereunder give the district director the authority to investigate whether plaintiff exercised appropriate supervision and control at Seair, and broad discretion to deny the permit based on the results of the investigation. *Memorandum In Support Of Defendant's Motion To Dismiss,* at 9.

Under either interpretation of the statute and regulations, plaintiff has stated a claim against the government upon which relief can be granted. If, as plaintiff argues, defendant had no discretion to deny the permit, then mandamus is appropriate. If defendant did have broad discretion, this Court may review the decision for an abuse of discretion. 28 U.S.C. § 2639; 5 U.S.C. 706.

Rule 12(b) of the Court of International Trade states,

> If, on a motion asserting the defense numbered (5) [under Rule 12(b)] to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside of the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

Both parties herein have submitted affidavits and other exhibits in support of their positions, and both argue that summary judgment is appropriate in this case. *Defendant's Motion To Dismiss,* at 1; *Plaintiff's Response,* at 3. Accordingly, the Court treats defendant's motion to dismiss as one for summary judgment.

Defendant submits the record upon which his determination was based, consisting of a report of an audit of Seair, correspondence between the Customs Service and plaintiff, and other related documents. Defendant argues that the determination must be upheld unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Memorandum in Support,* at 10.

Defendant summarizes the administrative procedure he employed in two affidavits filed with the Court. The affidavits state that about the time that plaintiff submitted his application for the broker's permit, the Customs Service district office for Los Angeles began to receive information concerning an embezzlement which occurred at plaintiff's former employer, Seair, while plaintiff was an officer of Seair. The information included the allegation that the ex-employee involved in the embezzlement was under the direct supervision and control of plaintiff. Defendant then determined it was necessary to conduct an investigation pursuant to 19 C.F.R. § 111.19(f) to determine whether plaintiff exercised responsible supervision and control over customs business at Seair before issuing the customs broker's permit. This decision was founded in part upon the observation that the procedures to suspend or revoke a permit normally take up to a year or more to reach a final dispo-

sition, and the conclusion that proceeding upon the permit would be more expeditious.

Based on the investigation, defendant denied the permit. Defendant's declaration states,

> In making the determination I considered whether the importing public would be at risk due to the fact that importing duties could be misappropriated in an office supervised and/or controlled by a person as to whom substantial and credible allegations of previous acts, which indicated a lack of responsible supervision and control, had been received during the course of the investigation.

Defendant then somewhat incongruously concludes his declaration with the observation that since plaintiff retains his customs broker's license, he may accept employment with another broker or use another broker's license to support a permit for his sole proprietorship.

Section 1641(c) states that each person issued a broker's license "shall * * * be issued a permit, in accordance with regulations prescribed under this section." Unfortunately, the nature of the district director's role in granting a permit is not obvious from the 19 C.F.R. 111.19, the regulation governing broker's permits. It provides in pertinent part,

> (a) General. Each person granted a broker's license under this part shall be concurrently issued a permit for the district through which the application was submitted, without the payment of the fee required by § 111.96 if it is shown to the satisfaction of the district director that the person intends to transact customs business within the district through which the broker's license application is submitted and the person otherwise complies with the requirements of this part.
>
> (b) Submission of application for permits for additional districts. * * * [A] licensed person who was not concurrently granted a permit with the broker's license under paragraph (a) of this section, shall submit an application for each additional Customs district to the district director of that district. * * *
>
> (d) Responsible supervision and control. The applicant shall have a place of business within the district for which the application is filed, or shall have made firm arrangements satisfactory to the district director to establish such a place of business. The applicant shall exercise responsible supervision and control over the office as defined by § 111.11(d). On and after October 31, 1987, other than as provided below, the applicant shall employ in each district for which a permit is granted at least one individual licensed under this subpart to exercise responsible supervision and control over the customs business conducted in the district. * * *
>
> (e) Action on application. Upon receipt of the application for a permit, the district director shall immediately notify the district director in each other district in which the applicant has a permit and request comments as to the applicant's compliance with the duties and responsibilities of a broker in the other district. The district director in the other district shall timely submit his comments and recommendation to the district director making the request. The

district director who received the application shall make a decision on it after considering all of the facts and circumstances. An application shall be approved unless action is pending in another district to suspend or revoke the applicant's license.

*(f) Investigation.* The district director may require an investigation to be conducted if additional facts are deemed necessary before making a decision upon the application.

19 C.F.R. § 111.19 (1991).

On the one hand paragraph (e) seems to grant broad discretion to the district director, who "shall make a decision on it after considering all of the facts and circumstances." On the other hand, the paragraph concludes with the mandate that the application "shall be approved unless action is pending in another district to suspend or revoke the applicant's license."

The proper construction may be taken from the context. Viewing § 111.19 as a whole, it is apparent that the function of the permit is to ensure the ability and intent of the licensed broker to operate within the district in which the permit is sought. For example, because one who applies for a broker's license through a district usually has the intention and ability to operate in that district, a permit is issued concurrently with a new license. No additional application is required. Licensees from other districts, however, must demonstrate that they have arranged for a place of business within the district, and comply with 19 C.F.R. § 111.11(d), which requires the applicant to provide the same quality of service through its unlicensed employees in the district as licensed brokers must provide.

The focus of § 111.19 is upon the degree of contact or presence that the applicant maintains within the district. Although paragraph (e) requires the district director to inquire of other districts as to the applicant's compliance with the duties and responsibilities of a broker, the regulation expressly defers to the disciplinary procedures of suspension or revocation. Unlike the licensing and discipline regulations, which contain extensive procedures for ensuring the continuing fitness of licensed brokers to transact customs business, § 111.19 tests the physical ability of the applicant to supervise conduct of customs business within a district where the applicant may not be present. *Compare* § 222.22 *et seq.,* § 111.50 *et seq.*

The Customs Service's announced interpretation of § 111.19 in the final ruling adopting the regulation confirms this analysis. It states,

> issuance of a permit will be pro forma (1) if the applicant has a valid license which is not subject to an on-going revocation or suspension action, (2) the applicant has a place of business in the district for which the permit is sought, and (3) if a licensed broker is employed as a permanent employee in that district subject to the conditions in § 111.28 relating to responsible supervision and control.

*Customs Regulations Amendments Relating To Customs Brokers,* T.D. 86–161, 20 Cust. B. & Dec. 425, 429 (1986). This Court affords agency

interpretations of their own regulations great weight, and so adopts the interpretation set forth above. *Mast Industries, Inc. v. U.S.,* 5 Fed. Cir. (T) 105,109, 822 F.2d 1069,1073 (1987).

As is evident from T.D. 86–161, § 111.19 does not confer upon the district director broad discretion to deny the permit, but rather authorizes him to make findings of whether the applicant has a place of business within the district, is not subject to pending revocation or suspension proceedings, and employs a licensed broker within the district to supervise the applicant's customs business within district. Investigations pursuant to § 111.19(f) are not *ultra vires,* but must be limited to these areas of inquiry. If these findings are made in the affirmative, then the permit must be issued.

More specifically, the district director is not authorized by § 111.19 to assess the fitness of the broker employed by the applicant to exercise responsible supervision and control, but only to determine whether a broker who is "*subject* to the conditions in § 111.28 relating to responsible supervision and control" is employed within the district by the applicant. All licensed customs brokers are so subject, and are subject to discipline for their transgressions. 19 C.F.R. § 111.53. Section 111.19 is not an expedient substitute for disciplinary proceedings, which incorporate substantial procedural mechanisms, but is intended merely to ensure the ability of the licensed applicant to operate within the district.

The considerations that defendant's determination to deny the permit were founded upon are properly addressed in a proceeding for suspension or revocation. Had such proceedings been undertaken at the outset, then plaintiff could properly have been denied a permit due to the pendency of those proceedings.

The wisdom of this approach is manifest in the defendant's findings. Although the determination was based in part upon danger to the public that would result from plaintiff's continuing to supervise the transaction of customs business, defendant concedes that withholding the permit does not prevent plaintiff from doing so.

From the affidavits filed in this case, the Court finds that there is no genuine issue of material fact that plaintiff has a place of business within the Los Angeles Customs District, that he possesses a valid broker's license not subject to suspension or revocation proceedings, and that the customs brokerage he intends to operate will be under his exclusive supervision and control. The Court further finds that plaintiff has no adequate alternative remedy to this Court's writ ordering defendant to issue him a customs broker's permit; that plaintiff is entitled to such a permit; and that defendant has a duty to issue one to plaintiff. Accordingly, the Court issues its Writ of Mandamus ordering defendant to issue to plaintiff a customs broker's permit for the Customs District of Los Angeles.

Plaintiff's pending motion for a preliminary injunction, which by agreement of the parties was held in abeyance by the Court until this decision and rendered moot hereby, is denied.