SLIP OP. 04-16

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  RICHARD K. EATON, JUDGE

_____

|  |  |  |
|---|---|---|
| DOFASCO INC., | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | COURT NO. 03-00819 |
| | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| DEFENDANT. | : | |

_____:

[Plaintiff's motion for summary judgment denied; Defendant's and Defendant-Intervenor's respective cross-motions for summary judgment granted; Defendant's motion to strike Plaintiff's annexed statement of undisputed facts denied; Plaintiff's motion for stay denied.]

Dated: February 23, 2004

*Hunton & Williams LLP* (*William Silverman*, *Douglas J. Heffner*, *Richard P. Ferrin*, *William H. Wright, Jr.*, and *Michael R. Shebelskie*, of counsel), for plaintiff Dofasco Inc.

*Peter D. Keisler*, Assistant Attorney General, Civil Division, United States Department of Justice; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Jeanne E. Davidson*, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Ada E. Bosque*); and *Scott McBride*, of counsel, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for defendant United States.

*Skadden, Arps, Slate, Meagher & Flom LLP* (*Robert E. Lighthizer*, *John J. Mangan*, *Jeffrey D. Gerrish*, and *Daniel L. Schneiderman*), for defendant-intervenor United States Steel Corporation.

OPINION

EATON, *Judge*: Before the court is plaintiff Dofasco Inc.'s motion for summary judgment

pursuant to USCIT Rule 56.  Defendant United States ("Government"), on behalf of the United

States Department of Commerce ("Commerce"), and defendant-intervenor United States Steel

Corporation ("USSC"), each cross-move for summary judgment.  Also before the court is the

Government's motion, pursuant to USCIT Rules 7 and 12(f), to strike Dofasco's annexed

statement of undisputed facts.  Pending resolution of this action, Dofasco further moved to stay

the deadline by which it was to submit its responses to the questionnaire issued by Commerce in

the administrative review that is the subject of this action.

By its motion Dofasco contests Commerce's administrative review of Dofasco's

antidumping duty order, on the grounds that Commerce initiated the review based upon an

untimely request by USSC.  As discussed below, the court has jurisdiction over this matter

pursuant to 28 U.S.C. § 1581(i) (2000).  Because the Government and USSC raise the same

issues in their respective cross-motions, and because each seeks the same relief,[1] the court will

consider these motions jointly.

For the following reasons, Dofasco's motion for summary judgment is denied, the

respective cross-motions of the Government and USSC are granted, the Government's motion to

strike is denied, and Dofasco's motion for stay is denied.

---

[1]     The Government and USSC ask this court to uphold Commerce's decision to conduct an administrative review of Dofasco based on the filing of USSC's request of September 2, 2003.

STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." USCIT R. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986). The movant bears the burden of demonstrating that there is no such issue. *See Precision Specialty Metals, Inc. v. United States*, 25 CIT __, __, 182 F. Supp. 2d 1314, 1318 (2001) (citing *United States v. F.H. Fenderson, Inc.*, 10 CIT 758, 760 (1986)). Here, the parties do not dispute any material facts; thus, summary judgment is appropriate. *See Nippon Steel Corp. v. U.S. Int'l Trade Comm'n*, 26 CIT __, __, 239 F. Supp. 2d 1367, 1369 (2002).

DISCUSSION

I.    *The Court's Jurisdiction Pursuant to 28 U.S.C. § 1581(i)*

Dofasco asserts jurisdiction under 28 U.S.C. § 1581(i), which is the Court's residual jurisdiction, and which lies where "jurisdiction under the other provisions of § 1581 [would] be unavailable or manifestly inadequate." *Associacao dos Industriais de Cordoaria e Redes v. United States*, 17 CIT 754, 757, 828 F. Supp. 978, 983 (1993) (internal citation omitted); *see also Hilsea Inv. Ltd. v. Brown*, 18 CIT 1068, 1070 (1994) ("[I]f a party challenges the legality of the initiation of an administrative review, jurisdiction may exist during the review pursuant to subsection (i)."). "Where another remedy is or could have been available, the party asserting § 1581(i) jurisdiction has the burden to show how that remedy would be manifestly inadequate." *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987). Dofasco contends that the

complained of administrative review was unlawfully commenced and that it "would be manifestly inadequate . . . to wait until the completion of [the administrative review] to challenge the review on an appeal pursuant to 28 U.S.C. § 1581(c), for the review that Dofasco seeks to prevent will have already occurred and Dofasco would be deprived of meaningful relief." Compl. at 2. Dofasco further argues that "[t]he questionnaire [issued to it by Commerce as part of the administrative review] is burdensome. It contains hundreds of questions requiring Dofasco to gather confidential and proprietary information regarding its costs and sales over an entire year." *Id*. at 7. In other words, Dofasco claims that being required to participate in an unlawfully commenced and burdensome review provides sufficient reason to invoke the Court's residual jurisdiction.

The Government argues that the Court's residual jurisdiction under section 1581(i) does not extend to, what it characterizes as, a "procedural decision." Def.'s Opp'n to Pl.'s Mot. Summ. J. and Cross-Mot. Summ. J. ("Gov't Br.") at 8. The Government maintains that section 1581(i) jurisdiction was not intended to permit "the appeal of a procedural determination, but rather, that all procedural considerations should be decided by this Court when the final agency determination is made." *Id*. (quoting *Koyo Seiko Co. v. United States*, 13 CIT 461, 464, 715 F. Supp. 1097, 1100 (1989) (internal citations omitted)).[2] The Government distinguishes those

---

[2]       In *Koyo Seiko*, the court failed to find section 1581(i) jurisdiction where the plaintiffs acknowledged that they could pursue a remedy under section 1581(c), but sought jurisdiction under section 1581(i), on the grounds that by the time a final determination was issued, Commerce would be so entrenched in its position that it would not consider the plaintiffs' comments fairly. The court disagreed, stating that

(continued...)

cases in which this Court has previously considered, pursuant to section 1581(i), challenges to

Commerce's authority to conduct administrative reviews, on the grounds that those cases

contested Commerce's authority to conduct administrative reviews only where the validity of the

underlying antidumping duty orders was challenged.  *See id.*; *see also generally, e.g.*, *Asociacion*

*Colombiana de Exportadores de Flores v. United States*, 13 CIT 584, 717 F. Supp. 847 (1989),

*aff'd* 903 F.2d 1555 (Fed. Cir. 1990); *Carnation Enters. Pvt. Ltd. v. United States*, 13 CIT 604,

719 F. Supp. 1084 (1989) (original antidumping duty order invalidated before administrative

review).  Because Dofasco challenges only a "routine procedural determination" of Commerce,

i.e., the timing of USSC's request for review, and not the validity of the underlying antidumping

duty order, the Government contends that jurisdiction under section 1581(i) is not available to

Dofasco.  Gov't Br. at 9.  Thus, the Government would have Dofasco first submit to the review,

and then seek relief in the context of an appeal to this Court from the review's final

determination.  *See id.*


Dofasco rejects the Government's characterization of the commencement of the

administrative review as a procedural determination, stating that

> [u]nlike the plaintiffs in [*Koyo Seiko*], Dofasco does not seek

---

[2](...continued)
> if after remand the court determines that the agency determination
> was tainted by an improper predisposition, the court can again
> remand for reconsideration. . . .  [T]he agency is compelled to
> make a good faith effort to reexamine the issue before it without a
> conscious commitment to a prior determination of the same factual
> question.

*Koyo Seiko*, 13 CIT at 464, 715 F. Supp at 1099–1100.

> merely to postpone a deadline, compel a meeting with Department
> officials, or adjust some other step within the course of a pending
> administrative review. Dofasco seeks to terminate an unlawful
> proceeding entirely, and therefore the decision Dofasco challenges
> goes to more than mere procedure.

Dofasco's Reply Br. in Supp. Pl.'s Mot. Summ. J. and in Opp'n to Cross-Mots. Summ. J. at 5.

Dofasco further disputes the Government's reading of *Asociacion Colombiana* on the grounds

that section 1581(i) jurisdiction in that case was found to exist even though the plaintiff did *not*

challenge the underlying antidumping duty order. *Id*. at 6.

In the leading case, *Asociacion Colombiana*, the plaintiffs brought suit under section

1581(i) to stop Commerce from proceeding with, what they believed to be, an unlawfully

commenced[3] administrative review, alleging hardship in the expense of time, effort, and money

to participate in the review. *See Asociacion Colombiana*, 13 CIT at 586, 717 F. Supp. at 850. In

finding jurisdiction pursuant to section 1581(i), the court stated:

> It is . . . clear to the court that [plaintiffs'] desired objective cannot
> be obtained through a judicial challenge instituted after the
> administrative review has been completed. By that time, this
> aspect of plaintiffs' action would be moot. What plaintiffs seek
> here is not review of an interlocutory determination in the sense
> discussed by Congress when it eliminated review of preliminary
> determinations. [Commerce's] decision to initiate the
> administrative review is not a preliminary decision which will be
> superceded by a final determination, nor is it a decision related to
> methodology or procedure which may be reviewed by the court
> following the agency's final determination. Here, the dispute does

---

[3]     In *Asociacion Colombiana*, the plaintiffs contended that in making its request for administrative review, the defendant-intervenor did not comply with 19 C.F.R. § 353.53a(a) (1988), which required an interested party who requests a review of "specified individual manufacturers, producers, or exporters" to state the basis for selecting those particular producers or exporters. *Associacion Colombiana*, 13 CIT at 585, 717 F. Supp. at 848.

> not concern just what rates ultimately will apply to the goods of companies to be reviewed (presumably the court could nullify any new rates established if the review was improper), but whether numerous small agricultural companies must participate in the review at all. Given the difficulties of participation under the facts of this case, this is not an insubstantial concern. Furthermore, plaintiffs cannot simply choose not to participate at this time because as a practical matter the risk of non-participation is simply too great. The court therefore finds the remedial approach suggested by defendant and [defendant-intervenor] [i.e., participation in the review and appeal to this Court following the review's completion] to be an inadequate avenue for effective judicial relief.

*Id*. at 586–87, 717 F. Supp. at 850 (internal citations omitted).

The plaintiffs in *Carnation*, on the other hand, sought to halt a claimed unauthorized administrative review, on the grounds that the review had become illegal because of errors found in the original antidumping duty order. *See Carnation*, 13 CIT at 610, 719 F. Supp. at 1089. The plaintiffs complained "that they should not be required to participate in each of these administrative reviews, in addition to any future reviews, and then wait until a final determination is reached in each of the reviews in order to challenge the underlying validity of the reviews." *Id*. at 609, 719 F. Supp. at 1089. The *Carnation* court too found jurisdiction under section 1581(i), stating:

> [Plaintiffs'] complaint relates to the validity of a final order which, although valid when issued, has allegedly become invalid as a result of a court remand. Since this situation is not one of those enumerated in 19 U.S.C. § 1516a, the Court's residual jurisdiction under 28 U.S.C. § 1581(i)(4) provides the sole basis upon which this matter can be heard.

*Id*. at 612, 719 F. Supp. at 1091.

The question of the commencement of an allegedly unauthorized proceeding was raised

again in *Techsnabexport, Ltd. v. United States*, 16 CIT 420, 795 F. Supp. 428 (1992), in which

the plaintiffs asked Commerce to terminate the initiation of an antidumping duty investigation of

the USSR, and each Republic member, in light of the dissolution of that country.  The plaintiffs

argued that the investigation was initiated based on imports from the USSR and, since the Soviet

Union had ceased to exist, there could be no further imports for investigation.  The

*Techsnabexport* court stated:

> [T]his action is similar to *Carnation* and [*Asociacion Colombiana*]
> in that plaintiffs challenge the legality of the [antidumping]
> proceedings rather than particular determinations within the
> proceedings, and demand to be relieved of the obligation to
> participate in proceedings they find statutorily and constitutionally
> infirm. . . .  Stare decisis counsels adherence to prior
> determinations of this court which hold that *jurisdiction exists to*
> *hear challenges to the validity of antidumping proceedings prior to*
> *their completion if the opportunity for full relief may be lost by*
> *awaiting the final determination*.

*Id*. at 424, 795 F. Supp. at 434 (emphasis added).


Here, Dofasco's position is similar to that of the plaintiffs in *Asociacion Colombiana*.

Like those plaintiffs, Dofasco does not challenge an underlying antidumping duty order.  Rather,

Dofasco argues that forcing it to participate in the review at all would be "burdensome."  Compl.

at 7.  The court agrees that such reviews can be costly and time-consuming.  *See Or. Steel Mills*

*Inc. v. United States*, 862 F.2d 1541, 1546 (Fed. Cir. 1988) ("At least this much is clear:

Administrative reviews of [less than fair value] sales are expensive and burdensome."); *J.S.*

*Stone, Inc. v. United States*, 27 CIT __, __, slip op. 03-147 at 17 (Oct. 31, 2003) ("The court is

not unsympathetic to the plight small or financially strained businesses may face in choosing [to

participate] in a costly administrative review . . . ."). Dofasco's position is also similar to that of

the plaintiffs in *Techsnabexport*, in that forcing Dofasco to wait until a final determination has

been issued before it may challenge the lawfulness of the administrative review, would mean that

Dofasco's opportunity for full relief—i.e., freedom from participation in the administrative

review—would be lost. *See Techsnabexport*, 16 CIT at 424, 795 F. Supp. at 434; *see also*

*Carnation*, 13 CIT at 609, 719 F. Supp. at 1089; *Asociacion Colombiana*, 13 CIT at 586, 717 F.

Supp. at 850.

The court finds that the facts in *Hylsa, S.A. v. United States*, 21 CIT 222, 960 F. Supp.

320 (1997), *aff'd* 135 F.3d 778 (Fed. Cir. 1998), are distinguishable from those of the present

case. In *Hylsa*, Commerce issued an antidumping duty order covering standard pipe, from which

the plaintiff's products were excluded. At the request of interested domestic producers,

Commerce later initiated a "scope inquiry" to determine whether the type of pipe exported by the

plaintiff fell within the scope of the antidumping duty order covering standard pipe, and

ultimately found that it did not. Subsequently, again at the request of a domestic producer,

Commerce initiated an anticircumvention inquiry into the plaintiff, without first determining

whether it had the statutory authority to do so,[4] given that the final scope determination had

excluded the plaintiff's merchandise. The plaintiff brought suit under section 1581(i), claiming

---

[4]      In a memorandum relating to the case, Commerce acknowledged that "while we understand that there is an argument that our negative scope determination of March 1996 forecloses any further inquiry into the status of [the types of pipe produced by the plaintiff], we believe that in this instance the law is unsettled concerning the precise relationship between a scope inquiry and an anticircumvention inquiry." *Hylsa*, 21 CIT at 225, 960 F. Supp. at 322.

that it had "an immediate right to be free of a wholly unauthorized investigation." *Id*. at 227, 960 F. Supp. at 324. The Government argued that the plaintiff would have an adequate remedy under section 1581(c), "because eventually the court may review under that jurisdictional provision whether or not Commerce had the authority to initiate the anticircumvention inquiry." *Id*.

The *Hylsa* court found that, under the facts presented,

> *it is impossible to separate completely matters relating to the merits of this action from the discussion of jurisdiction.* . . . Following Congressional inquiry, the government, not yet having "decided" whether it could proceed anew, asked the court to remand the matter so that it might proceed. The court declined. The government now seeks to act through a second proceeding. . . . [I]t is not a futile exercise to provide the government with an opportunity to grapple with this issue in the first instance, and the plaintiff has a clear right of review in this court of the government's determination. Plaintiff may prevail, at either level. Thus, § 1581(c) provides the plaintiff with a means of vindicating its claim.

*Id*. at 228–29, 960 F. Supp. at 325–26 (emphasis added). Thus, an important aspect of the *Hylsa* court's decision was that "matters relating to the merits of the action" were bound up with those relating to jurisdiction. *Id*. at 228, 960 F. Supp. at 325. Unlike the circumstances in *Hylsa*, here it is possible to separate completely the merits of the underlying proceeding, i.e., whether there was dumping, from the discussion of whether USSC's request for review was timely made.

Having reviewed the precedents, the court agrees that relief under 1581(c) would be manifestly inadequate. This Court has repeatedly found section 1581(i) jurisdiction in cases where, as here, the review that the plaintiff seeks to prevent will have already occurred by the

time relief under another provision of section 1581 is available, rendering such relief manifestly

inadequate. "[I]n the case of actions potentially reviewable under § 1581(c), section 1581(i)

review is appropriate where eventual standing may be speculative, or *the opportunity for full

relief would be lost by awaiting the final determination.*" *Associacao dos Industriais*, 17 CIT at

757, 828 F. Supp. at 983 (original emphasis removed; emphasis added) (citing *Techsnabexport*,

16 CIT at 424, 795 F. Supp. at 434); *see also Asociacion Colombiana*, 13 CIT at 587, 717 F.

Supp. at 850 ("It is . . . clear to the court that [plaintiffs'] desired objective [to stop the

administrative review] cannot be obtained through a judicial challenge instituted after the

administrative review has been completed. By that time, this aspect of plaintiffs' action would

be moot."); *Jia Farn Mfg. Co. v. United States*, 17 CIT 187, 189, 817 F. Supp. 969, 972 (1993)

(citing *Carnation* and *Asociacion Colombiana* with approval) ("Since the opportunity for

plaintiff to challenge Commerce's authority to conduct an administrative review may be lost by

awaiting the final determination, the court holds that the remedy provided under § 1581(c) would

be 'manifestly inadequate,' and the court has jurisdiction under § 1581(i)."). No holding by the

Court of Appeals for the Federal Circuit would compel a different result.[5] Accordingly, the court

_____

[5]      The Federal Circuit has found that section 1581(i) jurisdiction lies where relief under the other provisions of section 1581 would be manifestly inadequate. *See, e.g.*, *U.S. Cane Sugar Refiners' Ass'n v. Block*, 683 F.2d 399, 402 n.5 (C.C.P.A. 1982) ("[T]he delay inherent in proceeding under § 1581(a) makes relief under that provision manifestly inadequate and, accordingly, the court has jurisdiction in this case under § 1581(i)."); *Consol. Bearings Co. v. United States*, 348 F.3d 997, 1002 (Fed. Cir. 2003) (finding that where the plaintiff sought a writ of mandamus pursuant to the Administrative Procedure Act to correct liquidation instructions issued by Commerce, the court has jurisdiction since "an action challenging Commerce's liquidation instructions is not a challenge to the final results, but a challenge to the 'administration and enforcement' of those final results. Thus, [plaintiff] challenges the manner in which Commerce administered the final results. Section 1581(i)(4) grants jurisdiction to such an action. . . . Because [plaintiff] is not challenging the final results, subsection (c) is not and

(continued...)

finds that section 1581(i) jurisdiction is proper under the facts presented here.

II.      *Application of the "Weekend Rule" Pursuant to 19 C.F.R. § 351.303(b) (2003)*

Having found jurisdiction, the court now turns to Dofasco's complaint. On August 1, 2003, Commerce published a Notice of Opportunity to Request Administrative Review of Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation ("Notice of Opportunity"). *See* 68 Fed. Reg. 45,218 (ITA Aug. 1, 2003). The notice identified all antidumping duty orders in effect for which August 2003 was the anniversary month, including the antidumping duty order against Dofasco, and informed the public that requests for review could be made "during the anniversary month" of the subject orders. *Id*. The notice further advised the public that such requests must be made "[n]ot later than the last day of August 2003," *id*., and indicated that "if [Commerce] does not receive, by the last day of August 2003, a request for review," Commerce would instruct the Customs Service[6] to assess antidumping or

_____

[5](...continued)
could not have been a source of jurisdiction for this case."); *Shinyei Corp. of Am. v. United States*, 355 F.3d 1297 (Fed. Cir. 2004). While the Federal Circuit has found instances where section 1581(i) was not properly invoked, the circumstances are markedly different from those presented here. *See Shakeproof Indus. Prods., Div. of Ill. Tool Works Inc. v. United States*, 104 F.3d 1309, 1313 (Fed. Cir. 1997) (expressing "serious doubts" that judicial review of U.S. Court of International Trade's denial of motion to disqualify law firm on grounds that a member of the firm had served as Assistant Secretary of Commerce for Import Administration at the time of the antidumping duty investigation against the plaintiff, and thus had access to business proprietary information submitted by the plaintiff in connection with its original antidumping petition, "would be manifestly inadequate if it were postponed until Commerce's final decision on the first review of the antidumping order."); *Miller & Co.*, 824 F.2d at 963–64 (rejecting the plaintiff's argument that section 1581(c) would provide an inadequate remedy for its claim, where same claim was raised by another importer under section 1581(c), albeit unsuccessfully).

[6]      Although used in the Notice of Opportunity, effective March 1, 2003, the
(continued...)

countervailing duties on the subject merchandise at the estimated rates for that merchandise at the time of its entry. *Id*. at 45,219.

On Friday, August 29, 2003, International Steel Group ("ISG") requested administrative review of the antidumping duty order against Dofasco, pursuant to 19 C.F.R. § 351.213(b) (2003) ("Each year during the anniversary month of the publication of an antidumping or countervailing duty order, a domestic interested party . . . may request in writing that the Secretary conduct an administrative review under [19 U.S.C. § 1675(a)(1)] of specified individual exporters or producers covered by an order . . . ."). USSC made the same request for review by letter dated September 2, 2003, which was hand-delivered to Commerce on that day. On October 2, 2003, however, ISG filed a letter with Commerce withdrawing its request for administrative review.[7] As a result, the parties do not dispute that Commerce's review of the antidumping duty order against Dofasco rests entirely on the request filed by USSC on September 2, 2003. *See* Dofasco's Br. in Supp. Pl.'s Mot. Summ. J. ("Dofasco Br.") at 5; *see also* Answer of Defendant-Intervenor United States Steel Corporation, para. 39, p. 6 ("Admits that the review is based exclusively on the request filed by United States Steel Corporation on September 2, 2003.").

---

[6](...continued)
Customs Service was renamed the Bureau of Customs and Border Protection. *See* Reorganization Plan Modification for the Dep't of Homeland Security, H.R Doc. 108-32, at 4 (2003).

[7]      Title 19 C.F.R. § 351.213(d)(1) provides for rescission of an administrative review "if a party that requested a review withdraws the request within 90 days of the date of publication of notice of initiation of the requested review." *Id*.

On October 7, 2003, Dofasco asked Commerce to rescind its administrative review pursuant to 19 C.F.R. § 351.213(d)(1) on the grounds that ISG's request, which all parties agree was timely, had been withdrawn, and that USSC's request was untimely. The basis for this claimed untimeliness was that USSC had not filed its request "during the anniversary month." Dofasco stated: "The calendar month with respect to this [antidumping duty] order is August. As such, the unequivocal language of the regulations require that USSC file its request in August. Because USSC chose to file its request in the . . . calendar month of September, its request is untimely and should be rejected by the Department." Letter from Hunton & Williams to Sec'y of Commerce of 10/7/03, at 4, Ex. H in Pl.'s Annexed Statement of Undisputed Facts in Supp. Pl.'s Mot. Summ. J. On November 7, 2003, Commerce declined to rescind its review, stating that USSC's request was timely, since August 31, 2003, fell on a Sunday, and Monday, September 1, 2003, was Labor Day, a federal holiday. Thus, Tuesday, September 2, 2003, was the first business day after the time limit expired on Sunday, August 31, 2003. In an internal memorandum concerning USSC's request for review, Commerce stated:

> It is our interpretation of section 351.303(b) of the Department's regulations that the Secretary will accept all documents due to be filed with the Department on a non-business day on the next business day, unless the Department has expressly notified parties that it will not accept such submissions. Thus, section 351.303(b) of the Department's regulations applies in this administrative review.

Mem. from Christian Hughes to Barbara E. Tillman of 11/7/03, at 2, Ex. I in Pl.'s Annexed Statement of Undisputed Facts in Supp. Pl.'s Mot. Summ. J.

Title 19 C.F.R. § 351.303(b) states:

> Persons must address and submit all documents to the Secretary of
> Commerce, Attention: Import Administration, Central Records
> Unit, Room 1870, U.S. Department of Commerce, 14th Street and
> Constitution Avenue, NW, Washington, DC 20230, between the
> hours of 8:30 a.m. and 5:00 p.m. on business days (*see* §
> 351.103(b)).  If the applicable time limit expires on a non-business
> day, the Secretary will accept documents that are filed on the next
> business day.

*Id*.

Dofasco's main argument is that USSC's request for administrative review of Dofasco was untimely under Commerce's own regulations, which provide that

> [e]ach year during the anniversary month of the publication of an
> antidumping or countervailing duty order, a domestic interested
> party . . . may request in writing that the Secretary conduct an
> administrative review under [19 U.S.C. § 1675(a)(1)] of specified
> individual exporters or producers covered by an order . . . .

19 C.F.R. § 351.213(b).  Dofasco argues that the "plain and unambiguous" language of section 351.213(b) makes clear that requests for administrative review must be made "during the anniversary month" of the antidumping duty order.  Dofasco Br. at 6.  Dofasco argues:

> In plain English, "during" does not mean "after." . . .  There is no
> dispute that the anniversary month of [Dofasco's antidumping duty
> order] is August.  August does not mean September.  Under the
> unambiguous language of the Department's regulations, USSC
> thus had to make its review request during August.

*Id*. at 6–7.

Dofasco further argues that Commerce's "longstanding practice" has been to require that

requests for review be submitted no later than the last day of the anniversary month of the order,

even where that day falls on a weekend. *Id*. at 7. Dofasco cites the Notices of Opportunity for

each of the twenty-three months ending on a weekend or holiday since section 351.213(b) went

into effect in 1997, each of which stated that requests for review must be submitted "[n]ot later

than the last day of [the applicable anniversary month]." *Id*. at 8.

> For its part, the Government argues that the antidumping statute itself
>
>> simply states [that] Commerce may conduct a review "if a request
>> for such a review has been received." It does not address precisely
>> when a request must be filed. Nor does the antidumping statute
>> speak to the treatment of deadlines falling upon a weekend or
>> holiday.

Gov't Br. at 12 (quoting 19 U.S.C. § 1675(a)(1)).[8] The Government maintains that since the

language of section 1675(a)(1) does not specify more, there is a "gap" in the statute that

Commerce is permitted to fill. *See id*. at 10, 12; *see also Chevron U.S.A. Inc. v. Natural Res.*

*Def. Council, Inc*., 467 U.S. 837, 843 (1984). Thus, the Government contends that Commerce

was entitled to promulgate regulations giving effect to the statute, and that Commerce did so by

---

[8]    Title 19 U.S.C. § 1675(a)(1) states:

> At least once during each 12-month period beginning on the
> anniversary of the date of publication of a countervailing duty
> order under this subtitle [or] an antidumping duty order under this
> subtitle . . . the administering authority, if a request for such a
> review has been received and after publication of notice of such
> review in the Federal Register . . . shall publish in the Federal
> Register the results of such review, together with notice of any duty
> to be assessed, estimated duty to be deposited, or investigation to
> be resumed.

*Id*.

promulgating both 19 C.F.R. § 351.213(b) and 19 C.F.R. § 351.303(b). Gov't Br. at 12, 14.

Section 351.213(b) establishes a time frame for requesting an administrative review by requiring

that such requests be filed "during the anniversary month." 19 C.F.R. § 351.213(b)(1). The

Government argues that because "[a] calendar month . . . is comprised of 28 to 31 days,

depending upon the month . . . neither the statute nor [section 351.213(b)] establish a precise

deadline for the submission of review requests." Gov't Br. at 13. In like manner, the

Government maintains that "[b]ecause the statute does not speak to the treatment of deadlines

coinciding with weekends or holidays, Commerce has promulgated a regulation [section

351.303(b)] addressing that ambiguity or gap in the statute." *Id*. at 14. The Government further

argues that section 351.303(b) "establishes a reasonable, workable rule, which recognizes the

administrative reality that during weekends and holidays, there are no employees present to

process submissions." *Id*. at 15.


Where a "statute is silent or ambiguous with respect to the specific issue, the question for

the court is whether the agency's answer is based on a permissible construction of the statute."

*Chevron*, 467 U.S. at 843. "If Congress has explicitly left a gap for the agency to fill, there is an

express delegation of authority to the agency to elucidate a specific provision of the statute by

regulation." *Id*. at 843–44; *see also United States v. Mead Corp.*, 533 U.S. 218, 219 (2001)

(noting that *Chevron* deference is due where "the agency's generally conferred authority and

other statutory circumstances [show] that Congress would expect the agency to be able to speak

with the force of law when addressing ambiguity in the statute or fills in a space in the enacted

law . . . ."); *Pesquera Mares Australes Ltda. v. United States*, 266 F.3d 1372, 1380 (2001)

(acknowledging the Court's "obligation to afford *Chevron* deference to Commerce's

interpretations of ambiguous statutory terms in the course of Commerce's antidumping

determinations."). Here, section 1675(a)(1) states only that Commerce may conduct a review "if

a request for such a review has been received." 19 U.S.C. § 1675(a)(1). It does not address

precisely where or when a request must be filed, nor does it address deadlines which fall on a

weekend or holiday. Commerce has attempted to "fill the gap" in section 1675(a)(1) by

promulgating section 351.213(b), which provides that requests for administrative review be made

"during the anniversary month" of the antidumping duty order, 19 C.F.R. § 351.213(b), and

section 351.303(b), which provides that when "the applicable time limit expires on a non-

business day, the Secretary will accept documents that are filed on the next business day." 19

C.F.R. § 351.303(b). This second regulation applies to "documents" submitted by "all persons"

to Commerce "for consideration in an antidumping or countervailing duty proceeding." 19

C.F.R. § 351.303(a). A request for an administrative review is a "document" that is submitted

"for consideration in an antidumping or countervailing duty proceeding." *Id*. Such requests are

subject to a time limit, computed not in number of days but by the calendar month in which the

anniversary of the antidumping duty order falls. Nonetheless, a month is a measure of time and

sets the limit for when a review may be requested.

The language of section 351.303 is plain and unambiguous. It provides for the weekend

rule and states that it applies to "all persons submitting documents to [Commerce] for

consideration in an antidumping or countervailing duty proceeding." 19 C.F.R. § 351.303(a).

"To interpret a regulation we must look at its plain language and consider the terms in

accordance with their common meaning." *Lockheed Corp. v. Widnall*, 113 F.3d 1225, 1227

(Fed. Cir. 1997). "If the language is clear and unambiguous, there is no need to further speculate

as to what Commerce may have intended." *NEC Corp. v. Dep't of Commerce*, 23 CIT 727, 731,

74 F. Supp. 2d 1302, 1307 (1999). Because Commerce's interpretation of this regulation

conforms to the purpose and the plain language of the regulation, it must be given effect.

*Transcom, Inc. v. United States*, 24 CIT 1253, 1270, 121 F. Supp. 2d 690, 706 (2000).

In addition, "[i]t is well established 'that an agency's construction of its own regulations

is entitled to substantial deference.'" *Martin v. Occupational Safety and Health Rev. Comm'n*,

499 U.S. 144, 150 (1991) (quoting *Lyng v. Payne*, 476 U.S. 926, 939 (1986)), *accord*, *Udall v.*

*Tallman*, 380 U.S. 1, 16 (1965) ("When the construction of an administrative regulation rather

than a statute is in issue, deference is even more clearly in order."). Commerce's interpretation

of its own regulations must be given effect so long as it "sensibly conforms to the purpose and

wording of the regulations . . . ." *Martin*, 499 U.S. at 151 (internal quotation omitted); *see also*

*Bethlehem Steel Corp. v. United States*, 25 CIT __, __, 146 F. Supp. 2d 927, 936 (2001) (holding

that where a regulation is the product of notice-and-comment rulemaking,[9] "the court must

accord *Chevron* deference, and uphold any reasonable agency interpretation."). In accordance

with the foregoing, even if the words were not clear and unambiguous, Commerce's

interpretation of section 351.303(b) would be entitled to deference.

---

[9]     Sections 351.213(b) and 351.303(b) were both subject to notice and comment prior to promulgation, in accordance with 5 U.S.C. § 553(A)(1).

Where the court takes jurisdiction pursuant to 28 U.S.C. § 1581(i), it will "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); 28 U.S.C. § 2640(e); *see also Cathedral Candle Co. v. United States*, 27 CIT __, __, 285 F. Supp. 2d 1371, 1375 (2003). Because the court finds that Commerce's decision to apply the "weekend rule" to USSC's request for administrative review is in accordance with the plain language of 19 C.F.R. § 351.303(b), Dofasco's motion for summary judgment is denied, and the Government's and USSC's respective cross-motions for summary judgment are granted.

III.        *The Government's Motion to Strike Dofasco's Annexed Statement of Undisputed Facts*

The Government contends that, because there is an administrative record underlying Commerce's decision in this case, Dofasco should have moved for judgment upon the agency record pursuant to USCIT Rule 56.1, instead of filing the instant motion for summary judgment under USCIT Rule 56. Accordingly, the Government moves to strike the annexed statement of undisputed facts submitted by Dofasco in support of its motion for summary judgment.

The court's scheduling order in this matter specifically contemplated that Dofasco would file a motion for summary judgment. *See* Court Order (Nov. 28, 2003) ("December 8, 2003: Dofasco to file and serve its motion for summary judgment and brief in support."). The Government agreed to this order. Moreover, a motion for judgment upon the agency record is to be made "solely upon the basis of the record made before an agency." USCIT R. 56.1(a). Here, however, all parties have submitted evidence outside the scope of the agency record. Therefore,

the Government's motion to strike Dofasco's Annexed Statement of Undisputed Facts is denied.

IV.     *Dofasco's Motion for Stay*

Pending the resolution of this action, Dofasco moved to stay the deadline by which it was to answer the questionnaire issued by Commerce in the administrative review that is the subject of this action. Because of the court's ruling with respect to Dofasco's motion for summary judgment, Dofasco's motion for a stay is denied.

CONCLUSION

The court finds that it has jurisdiction under 28 U.S.C. § 1581(i) to decide the legality of a pending administrative review based on the allegedly unlawful commencement thereof. Upon consideration of Dofasco's motion for summary judgment, the Government's and USSC's respective cross-motions for summary judgment, the Government's motion to strike Dofasco's annexed statement of undisputed facts, and Dofasco's motion for stay, the court denies Dofasco's motion for summary judgment, grants the respective cross-motions of the Government and USSC, denies the Government's motion to strike, and denies Dofasco's motion for stay. Judgment shall be entered accordingly.

                              /s/ Richard K. Eaton
                         Richard K. Eaton, Judge

Dated: February 23, 2004
       New York, New York