# United States Court of Appeals for the Federal Circuit

04-1264

DOFASCO INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee,

and

UNITED STATES STEEL CORPORATION,

Defendant-Appellee.

Michael R. Shebelskie, Hunton & Williams LLP, of Richmond, Virginia, argued for plaintiff-appellant. With him on the brief were William H. Wright, Jr., of Richmond, Virginia; and William Silverman, Douglas J. Heffner, and Richard P. Ferrin, of Washington, DC.

David S. Silverbrand, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee United States. With him on the brief were Peter D. Kiesler, Assistant Attorney General; David M. Cohen, Director; and Jeanne E. Davidson, Deputy Director. Of counsel on the brief was Jennifer D. Jones, International Attorney, Office of Chief Counsel for Import Administration, United States Department of Commerce, of Washington, DC.

Jeffrey D. Gerrish, Skadden, Arps, Slate, Meagher & Flom LLP, of Washington, DC, argued for defendant-appellee United States Steel Corporation. With him on the brief were John J. Mangan, Robert E. Lighthizer, and Daniel L. Schneiderman. Of counsel was James C. Hecht.

Appealed from: United States Court of International Trade

Judge Richard K. Eaton

# United States Court of Appeals for the Federal Circuit

04-1264

DOFASCO INC.,

Plaintiff-Appellant,

v.

UNITED STATES

Defendant-Appellee,

and

UNITED STATES STEEL CORPORATION,

Defendant-Appellee.

_____

DECIDED: December 7, 2004

_____

Before LOURIE, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

DYK, <u>Circuit Judge</u>.

Plaintiff Dofasco Inc. ("Dofasco") appeals from the judgment of the United States Court of International Trade, which granted summary judgment in favor of the United States in this action seeking to enjoin the United States Department of Commerce ("Commerce" or the "Department") from conducting an antidumping administrative review. We affirm.

## BACKGROUND

Dofasco is a Canadian steel exporter. On August 19, 1993, Commerce issued an antidumping duty order covering carbon steel plate products from Canada. 58 Fed.

Reg. 44162 (Aug. 19, 1993). The antidumping duty order covers several products exported to the United States by Dofasco. (J.A. at 79.)

Under 19 U.S.C. § 1675(a)(1), Commerce conducts annual administrative reviews of exporters covered by the antidumping duty order, "if a request for such review has been received." Id.

Commerce published its notice of opportunity to request an administrative review on August 1, 2003. The notice stated that an administrative review would be conducted pursuant to "requests received by the last day of August 2003." (J.A. at 82.) The last day of August 2003 was a Sunday. September 1, 2003, was Labor Day, a federal holiday. United States Steel Corporation ("USSC") filed a request for administrative review of Dofasco's antidumping liability on September 2, 2003.

Dofasco asked Commerce to rescind its administrative review on the basis that USSC's request was untimely, not having been filed "by the last day of August." Commerce refused on the basis of 19 C.F.R. § 351.303(b), which states that "[i]f the applicable time limit expires on a non-business day, [Commerce] will accept documents that are filed on the next business day." Commerce stated its interpretation of section 351.303(b) was that it would accept "all documents due to be filed with the Department on a non-business day on the next business day, unless the Department has expressly notified parties that it will not accept such submissions." (J.A. at 116.) Dofasco then filed suit in the Court of International Trade on November 17, 2003.

The Court of International Trade upheld Commerce's actions. Dofasco Inc. v. United States, 326 F. Supp. 2d 1340 (Ct. Int'l Trade 2004). The court held that the language of section 351.303 was plain and supported Commerce's acceptance of

USSC's request. Id. at 1350. Dofasco appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5).

## DISCUSSION

Under 19 U.S.C. § 1673, Commerce determines whether "foreign merchandise is being . . . sold in the United States at less than its fair value" and the antidumping duty to be assessed in such circumstances. Recognizing that prices and costs change over the course of time, Congress provided that Commerce shall conduct an annual administrative review "if a request for such a review [is] received." 19 U.S.C. § 1675(a)(1) (2000). The purpose of the review is to determine the duty liability for the review period. 19 U.S.C. § 1675(a)(1)(B). Absent such a review, the duty is assessed at a preexisting rate. 19 C.F.R. § 351.212(c)(1)(i) (2004). The statute provides no time limit for when the request must be received.

It is well settled that Commerce is empowered to adopt regulations to fill gaps in the statutory scheme. Micron Tech., Inc. v. United States, 243 F.3d 1301, 1312 (Fed. Cir. 2001); Torrington Co. v. United States, 68 F.3d 1347, 1350-51 (Fed. Cir. 1995). Commerce has adopted regulations establishing deadlines for receipt of requests for antidumping reviews. The regulations provide that the request must be received "during the anniversary month of the publication of an antidumping . . . order." 19 C.F.R. § 351.213(b)(1) (2004). Here, Commerce issued an order specifying that requests must be "received by the last day of August 2003." (J.A. at 82.) Commerce also has a regulation for when time limits fall on non-business days, stating that "[i]f the applicable time limit expires on a non-business day, [Commerce] will accept documents that are filed on the next business day." 19 C.F.R. § 351.303(b) (2004). The regulation states

04-1264 3

that section 351.303 "contains the procedural rules regarding filing . . . and applies to all persons submitting documents . . . for consideration in an antidumping . . . proceeding." Id. § 351.303(a). Comparable provisions appear in both the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure. See Fed. R. Civ. P. 6(a); Fed R. App. P. 26(a).

Dofasco argues that section 351.303(b) does not apply to deadlines established by section 351.213(b)(1) because requests for administrative review are not "filings," or, alternatively, that section 351.213 does not establish a "time limit." Both arguments are without basis. The statute requires the request for review to be "received" by Commerce. 19 U.S.C. § 1675(a)(1). The regulations plainly provide under the heading, "Filing of documents with the Department," that "no document will be considered as having been received by [Commerce] unless it is submitted," i.e., filed. 19 C.F.R. § 351.103(b) (2004). Thus every document that must be "received" by Commerce is a "filing." We also think it plain that requiring receipt of a document by the last day of a month is a "time limit." Here the time limit fell on a non-business day, namely Sunday, August 31, 2003. Documents received on the next business day, September 2, 2003, were timely filed. Thus, as the Court of International Trade correctly held, USSC's filing was timely under the plain meaning of the regulations.

CONCLUSION

For the foregoing reasons, the judgment of the Court of International Trade is

AFFIRMED.

COSTS

Costs are awarded to appellees.